OPINION
{¶ 1} Defendant-appellant Continental Casualty Company appeals from the May 13, 2003, Judgment Entry of the Stark County Court of Common Pleas referring the parties to binding arbitration.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 15, 1999, appellee James Pillo was injured in a motorcycle-automobile accident. Thereafter, on March 8, 2000, appellee James Pillo and his wife, appellee Gail Pillo, filed a personal injury complaint against Leonard Strickland, the tortfeasor, American States Preferred Insurance, appellees' personal automobile insurer, and Mary Jo Perry.[1]
 {¶ 3} At the time of the accident, appellee James Pillo was an employee of ASC Industries, Inc. ASC was the insured under two insurance policies. The first policy was a business automobile policy issued by Transcontinental Insurance Company to ASC Industries, Inc. which provided $1,000,000 in uninsured/underinsured [hereinafter UM/UIM] coverage. The second policy was a commercial umbrella policy issued by appellant Continental Casualty Company which contained $4,000,000 in UM/UIM coverage.
 {¶ 4} On April 27, 2000, appellees filed a first amended complaint, adding both appellant Continental Casualty Company and Transcontinental Insurance as defendants. Appellees, in such complaint, sought a declaratory judgment that they were entitled to UM/UIM coverage under both policies as well as monetary damages. Subsequently, with leave of court, appellees filed a second amended complaint on February 27, 2001, adding Progressive Insurance Companies as a defendant. Appellees, in their complaint, alleged that Progressive Insurance had issued "contracts of automobile liability and/or motor vehicle liability insurance policies" to appellees.
 {¶ 5} After appellees filed a Motion for Summary Judgment against appellant Continental Casualty Company and Transcontinental Insurance Company, appellant Continental and Transcontinental filed a Cross-Motion for Summary Judgment on May 31, 2001. In response, on June 5, 2001, appellees filed a response to such motion and a motion requesting that "pursuant to the terms of the uninsured/underinsured motorists coverage contract", the matter be referred to binding arbitration "pursuant to Section E.4. of the policy contract."
 {¶ 6} As memorialized in a Judgment Entry filed on June 12, 2001, the trial court granted appellees' Motion for Summary Judgment while denying the Cross-Motion for Summary Judgment filed by appellant Continental Casualty Company and Transcontinental Insurance Company. The trial court, in its entry, held that appellees were entitled to UM/UIM coverage under both the business automobile and umbrella policies. The trial court also granted appellees' request for reference to arbitration. Thereafter, the trial court, in a Judgment Entry filed on June 14, 2001, stated as follows:
 {¶ 7} "The Court herein orders that an arbitration take place in the within matter. The parties shall proceed to arbitration pursuant to the terms of said policy. The Court will reserve the right to name appropriate arbitrators should same be necessary and further to enforce any aspect of the arbitration clause provided in said policy. The Court will further reserve the right to enforce any final arbitration award made pursuant tosaid policy terms. The Court orders that the arbitration shall proceed forthwith. The Court herein stays the within matter pending further order of the Court. The parties shall notify the Court immediately at the conclusion of the arbitration so that the Court may lift the stay in this matter and make further orders that may be deemed just and necessary involving this matter." (Emphasis added).
 {¶ 8} Appellant Continental Casualty Company and Transcontinental Insurance Company filed a Notice of Appeal from the trial court's June 12, 2001, Judgment Entry. On appeal, both argued that the trial court erred in granting summary judgment in favor of appellees and against appellant Continental Casualty Company and Transcontinental Insurance Company. Both appellant and Transcontinental Insurance Company specifically argued that the trial court erred in holding that the UM/UIM rejection form in the Continental policy did not satisfy the requirements of R.C. 3937.18 and erred in failing to reform the policies to reflect the clear intent of the parties. Pursuant to an Opinion filed in Pillo v. Stricklin, Stark App. No. 2001CA00203, 2003-Ohio-363, this Court affirmed the judgment of the trial court.
 {¶ 9} After the Ohio Supreme Court declined jurisdiction over appellant and Transcontinental's discretionary appeal, the two filed a Motion for Reconsideration with the Ohio Supreme Court. The motion, however, was denied.
 {¶ 10} Subsequently, on March 26, 2003, appellees filed a Motion for Appointment of a Chairperson for Arbitration. Via a Judgment Entry filed on April 2, 2003, the trial court ordered that the two arbitrators named by the respective sides pick an arbitration chairman on or before April 23, 2003, "or the Court will pick a chairman of the arbitration panel upon the motion of either party." In their April 3, 2003, brief in opposition to appellees' Motion for Appointment of Chairperson for Arbitration, appellant Continental Casualty Company and Transcontinental Insurance Company argued that since the Continental umbrella policy did not contain an arbitration provision, appellees' claims under the umbrella policy were not subject to arbitration. Both also argued that UM/UIM coverage that arises by operation of law "does not include the importing of an `arbitration' provision [from the underlying business automobile policy]."
 {¶ 11} As memorialized in a Judgment Entry filed on May 7, 2003, the trial court appointed an arbitration chairperson since the parties' attempts to agree on one were unsuccessful and also ordered that arbitration take place within sixty days of the trial court's order. Six days later, in a Judgment Entry filed on May 13, 2003, the trial court stated as follows:
 {¶ 12} "All parties are ordered to binding arbitration in this matter. Transcontinental is bound by its arbitration clause. Continental is bound by excess coverage on the underlying Transcontinental policy. To the extent that any arbitration award exceeds Transcontinental's underlying policy limits, Continental through its umbrella policy is responsible as the excess insurer.
 {¶ 13} "This Court ordered binding arbitration on June 14, 2001. This court again orders the parties to binding arbitration. . . . The arbitration shall proceed forthwith."
 {¶ 14} It is from the trial court's May 13, 2003, Judgment Entry that appellant Continental Casualty Company[2] now appeals, raising the following assignments of error:
 {¶ 15} "The trial court erroneously stayed the case and ordered that the plaintiffs-appellees' um/uim claim against defendant-appellant continental casualty company be submitted to binding arbitration despite the absence of an agreement in the umbrella policy to resolve disputes by arbitration.
 {¶ 16} "II. The trial court erred by ordering that the plaintiffs-appellees' um/uim claim against defendant-appellant continental casualty company could still be submitted to binding arbitration despite the fact that plaintiffs-appellees had waived arbitration by not making demand for arbitration under the umbrella policy.
 {¶ 17} "III. The trial court erred when it overruled defendant-appellant continental casualty company's res judicata argument thereby permitting the plaintiffs-appellees to make a demand for binding arbitration of their um/uim claim under the umbrella policy issued by defendant-appellant continental casualty company despite the plaintiffs-appellees' failure to appeal from the trial court's previous judgment that ordered that arbitration proceed only as to the underlying policy of insurance."
 {¶ 18} Pursuant to a Judgment Entry filed on January 28, 2004, this Court granted appellant's motion to file a supplemental assignment of error. Appellant raises the following supplement assignment of error:
 {¶ 19} "Based upon Westfield Ins. CO. v. Galatis,100 Ohio St.3d 216, 2003-ohio-5849, the trial court erred in finding james and gail pillo to be insureds under the continental umbrella policy because james pillo was not within the course and scope of his employment with asc industries, inc., continental's named insured, at the time of his accident. therefore, the trial court erred in: 1) finding james and gail pillo to be insureds under the continental umbrella policy; and 2) referring the dispute to arbitration based upon that erroneous coverage determination."
 I, II, III, Supplemental Assignment of Error {¶ 20} Appellant, in its three assignments of error, challenges the trial court's order referring the matter to binding arbitration. In its supplemental assignment of error, appellant argues that, pursuant to the Ohio Supreme Court's holding in Galatis, supra., appellees are not insureds under the umbrella policy issued by appellant to ASC, Industries, Inc. since appellee James Pillo was not in the course and scope of his employment at the time of the accident.
 {¶ 21} However, before addressing the merits of appellant's three assignments of error and its supplemental assignment of error, we must consider the applicability of the law of the case doctrine in light of the Ohio Supreme Court's recent decision inGalatis, supra. As is stated above, after the trial court granted appellees' Motion for Summary Judgment, the Ohio Supreme Court declined jurisdiction over appellant's appeal and denied appellant's Motion for Reconsideration. Thereafter, on November 5, 2003, the Ohio Supreme Court issued its decision in WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256. The Ohio Supreme Court, in Galatis, held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsured and Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888,798 N.E.2d 1077. In the case sub judice, there is no dispute that appellee James Pillo was not in the course and scope of his employment at the time of the accident.
 {¶ 22} After the Galatis case was issued, the trial court, on April 2, 2003, granted appellees' motion for the appointment of an arbitration chairperson and appellant appealed to this Court. Thus, the issue becomes whether the Galatis case should be applied or whether the law of the case doctrine applies preventing application of Galatis to the case sub judice.
 {¶ 23} Pursuant to the law of the case doctrine, "[a]fter a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in that case." Pavlides v. Niles Gun Show, Inc., (1996),112 Ohio App.3d 609, 615, 679 N.E.2d 728. This doctrine is necessary, "not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution." Id. "Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Id., citingNolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, syllabus. The intervening Supreme Court decision must state a rule of law in conflict with such mandate. State ex rel.Crandall, Pheils Wisniewski v. DeCessna (1995),73 Ohio St.3d 180, 183, 1995-Ohio-98, 652 N.E.2d 742.
 {¶ 24} Likewise, the law-of-the-case doctrine is applicable to subsequent proceedings in the reviewing court. See Nolan,
supra. at 4. Thus, the decision of an appellate court in a prior appeal must ordinarily be followed in a subsequent appeal in the same case and court. Id. However, this too is subject to exception. "An appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice." Pavlides, supra. at 615.
 {¶ 25} We find that, due to the intervening decision issued by the Ohio Supreme Court in Galatis, supra., the law of the case doctrine is inapplicable and that our previous decision in this matter holding that appellees were entitled to UM/UIM coverage under both policies must be re-examined.[3] We find that the Ohio Supreme Court Galatis case was an "intervening decision" that created extraordinary circumstances justifying such re-examination.[4] Clearly, it would be unjust to allow appellees to recover despite the recent Galatis
case simply because they had a previous appeal to this and to the Ohio Supreme Court, which declined jurisdiction, when we currently are applying Galatis to cases that are up on appeal for the first time. Applying Galatis, we find that appellees were not entitled to UM/UIM coverage under the umbrella policy issued by appellant to ASC Industries, Inc., as appellee James Pillo was not in the course and scope of his employment with ASC Industries, Inc. at the time of the accident and since there is no specific language in the umbrella policy to the contrary.
 {¶ 26} Appellant's supplemental assignment of error is, therefore, sustained. Appellant's remaining assignments of error are moot.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Plea is reversed and final judgment is entered in favor of appellant Continental Casualty Company pursuant to App. R. 12(B).
Farmer, P.J. and Wise, J. concur.
[1] The complaint alleged that eight days after the accident, Strickland had transferred the residence that he owned free and clear to Mary Jo Perry for less than its value.
[2] Since appellees settled with Transcontinental Insurance Company, it is not a party to this appeal.
[3] See Progressive Ins. Co. v. Stewart, Lucas App. No. L-02-1206, 2003-Ohio-1628. In Stewart, the appellant appealed from the trial court's July 8, 1998, decision finding that an action by an insured against his insurance carrier for payment of UIM benefits was a cause of action sounding in contract and granting summary judgment in favor of appellees. On appeal, the Sixth District Court of Appeals reversed and remanded, finding that such an action was an action sounding in tort.
Appellee Progressive Insurance Company then appealed to the Ohio Supreme Court, which, on May 23, 2000, dismissed the appeal as improvidently allowed.
Subsequently, in an unrelated case filed on May 30, 2001, the Ohio Supreme Court held that an action by an insured against his insurance carrier for payment of UIM benefits sounds in contract rather than in tort.
Upon remand, the trial court granted summary judgment in favor of appellees, who then appealed. While appellant argued that, pursuant to the "law of the case doctrine," the trial court was bound on remand by the June 11, 1999, decision of the appellate court in the first appeal, the Sixth District Court of Appeals disagreed. The Court held that the Ohio Supreme Court case "was an `intervening decision' that created an `extraordinary circumstance' justifying the trial court's decision disregarding our earlier judgment." Id at 2. The Court specifically held that the trial court had not abused its discretion by failing to follow "the earlier mandate of this court in this case."
[4] We note that Justice Lundberg Stratton, in a concurring opinion in Fish v. Ohio Cas. Ins. Co., 101 Ohio St.3d 1210,2004-Ohio-224, 802 N.E.2d 149, stated as follows: "I write to express my view that Westfield Ins. Co. v. Galatis . . . applies to all pending cases where a Scott-Pontzer claim has been raised. See Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. Galatis represents an intervening change in the law with respect to these claims and presents a compelling reason for courts below to reexamine a point of law."