OPINION
{¶ 1} Plaintiff-appellant Roy D. Lewis ("Lewis") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to defendant-appellee Commerce and Industry Insurance Company ("CIIC").
 {¶ 2} On September 16, 1990, a vehicle driven by Ricky L. Kizer ("Kizer") crossed the center line and struck Lewis' vehicle. Kizer was uninsured. Lewis filed a suit against Kizer and obtained a default judgment on June 2, 1993. At the time of the accident, Lewis was employed by Ramsey Laboratories ("Ramsey"). Ramsey maintained a business automobile policy, a commercial general liability policy and a commercial umbrella liability policy with CIIC.
 {¶ 3} On October 31, 2001, Lewis filed a lawsuit against Kizer, Ramsey, and CIIC for the 1990 automobile accident. Ramsey was dismissed from the suit on May 21, 2002. On January 3, 2003, the trial court granted summary judgment to CIIC. This judgment was appealed to this court and on August 11, 2003, the judgment was reversed and remanded to the trial court. On February 14, 2004, CIIC filed a second motion for summary judgment claiming that the claim was no longer viable under the Ohio Supreme Court's ruling in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. The trial court granted summary judgment to CIIC on February 19, 2004. Lewis appeals from this judgment and raises the following assignment of error.
The trial court erred to the prejudice of [Lewis] in granting summaryjudgment in favor of [CIIC] on the basis of Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 5} Lewis' first argument in support of his assignment of error is that the Galatis opinion cannot be applied to his case because it was released after the complaint was filed. Lewis claims that by applying the opinion to his case, the trial court denied him a possible recovery which is prohibited by the Ohio Constitution. This court has previously addressed this issue in Cincinnati Companies v. Albers, 3rd Dist. No. 10-03-10, 2004-Ohio-806. In Albers, this court held that the retroactive application of Galatis is appropriate and that the Ohio Supreme Court has consistently reversed judgments based upon the Galatis opinion. Id. at ¶ 21 and footnote 1.
 {¶ 6} Lewis also claims that the law of the case doctrine prohibits CIIC from moving for summary judgment a second time. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." State exrel. Sharif v. McDonnell, 91 Ohio St.3d 46, 47, 2001-Ohio-240,741 N.E.2d 127. Here, there was an intervening decision by the Ohio Supreme Court. Thus, the law of the case doctrine does not apply.
 {¶ 7} A review of the record indicates that CIIC's coverage was through the employer. At the time of the accident, Lewis was not acting within the scope of his employment and was not driving a covered vehicle. Thus, Lewis is not a covered insured under the CIIC policy. Under the holding in Galatis, Lewis is not entitled to coverage under the policy just because he was employed by an insured at the time of the accident. The trial court did not err in granting summary judgment to CIIC. The assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
Shaw, P.J., and Rogers, J., concur.