DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the Summit County Court of Common Pleas which granted summary judgment in favor of appellees, E. Marie Wears, individually and as Executrix of the Estate of Darek Wears, and Dwight Thomas Wears, on the grounds that appellant, Motorists Mutual Ins. Co ("Motorists Mutual"), did not establish that appellant validly offered and appellees effectively rejected uninsured/underinsured ("UM/UIM") motorist insurance under appellees' policy with appellant. For the following reasons, this Court finds that the trial court properly granted judgment in favor of appellees and affirms.
 I. {¶ 2} In this case, appellant argues that the trial court erred in granting summary judgment in favor of appellees on the issue of whether appellant properly proffered and appellees properly rejected UM/UIM coverage. The trial court found that the appellant failed to properly proffer UM/UIM coverage, and therefore the appellees were entitled to coverage in the same amount as that provided by their liability policy with appellant.
 {¶ 3} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Serv. Inc.v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R.56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 4} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 5} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 292-93. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732,735. Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R.56(C).
 II. ASSIGNMENT OF ERROR
"The trial court erred in holding that extrinsic evidence is not admissible to prove a valid rejection/reduction of uninsured/underinsured motorists coverage following the H.B. 261 amendments to ohio revised code section 3937.18, and, therefore, the trial court erroneously concluded that the plaintiffs/appellees are entitled to underinsured motorists coverage under the motorists [mutual] policy."
 {¶ 6} In its sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellees on their claim that they were entitled to UM/UIM motorist coverage in the amount of $250,000.00 per person /$500,000.00 per accident. The insurance policy at issue was effective from March 31, 2001. The collision which is the basis of appellees' claim occurred on August 11, 2001. The law applicable to the claim was that in effect on the date of the accident. Appellant argues that the extrinsic evidence it presented showed that appellees effectively rejected UM/UIM coverage in that amount.[1] Appellant claims that appellees accepted UM/UIM coverage in the reduced amount of $15,000.00 per person/$30,000.00 per accident.
 {¶ 7} Appellant contends that H.B. 261, which amended R.C.3937.18, permits a court to consider extrinsic evidence in determining whether an effective rejection was made for UM/UIM coverage.
 {¶ 8} The issue of whether an effective rejection is made arises out of an Ohio Supreme Court case, Linko v. Indemn. Ins.Co. of N. Am. (2000), 90 Ohio St. 3d 445, 2000-Ohio-92. In that case, the Ohio Supreme Court held that an insurer must make a meaningful offer of UM/UIM coverage in order for an insured to make an express rejection of such coverage.[2] The offer must be in writing and be contained within the contract itself.Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, 568. Extrinsic evidence is not admissible. Id.
 {¶ 9} Rejections of offers for UM/UIM coverage must likewise be in writing. Linko at 450. The Ohio Supreme Court held that the four corners of the insurance contract control in determining whether an effective rejection was made. Id. The court also held that extrinsic evidence is not admissible. Id. The court inLinko, however, was analyzing a prior version of R.C. 3937.18.
 {¶ 10} Effective September 3, 1997, H.B. 261 revised R.C.3937.18. These amendments provided that a signed rejection of UM/UIM coverage created a presumption of a valid offer. R.C.3937.18(C). Appellant contends that the amendments no longer prohibit extrinsic evidence from being considered in determining whether a rejection was effectively made. Appellant claims that the Ohio Supreme Court in Kemper v. Michigan Millers Ins. Co.
(2002), 98 Ohio St. 3d 162, 2002-Ohio-7101 implies that extrinsic evidence may be considered under the amendments. On a certified question, the Kemper court held that the Linko requirements regarding offers still apply after the 1997 amendments. Kemper
at paragraphs two and four. The Kemper court also held that a signed rejection is not an effective declination of UM/UIM coverage in the absence of a valid Linko offer. Kemper at paragraphs 3 and 4.[3]
 {¶ 11} Appellant admits that the Kemper court did not specifically address whether extrinsic evidence is admissible to prove rejection. Appellant argues that the Kemper court implied that such evidence might be admissible because the certified question regarding rejections included the proviso "where there is no other evidence, oral or documentary, of an offer of coverage." Appellant argues that this part of the question opens the door for courts to consider extrinsic evidence in determining rejections.
 {¶ 12} Appellant contends there is a conflict among the districts regarding whether extrinsic evidence can be admitted. The Ohio Supreme Court has granted certiorari in the case ofHollon v. Clary, 155 Ohio App.3d 195, 2003-Ohio-5734[4]
and oral arguments were heard on October 12, 2004. Shortly this issue will be conclusively determined by the Ohio Supreme Court.
 {¶ 13} Until the Ohio Supreme Court decides this issue, this Court finds that extrinsic evidence is still not admissible under the 1997 amendments. We have already found that the court inKemper still applied Linko's requirements for offers after the amendments. In Reppl v. Jones (May 7, 2003), 9th Dist. No. 21299, 2003-Ohio-2350, reversed on other grounds,100 Ohio St. 3d 302, 2003-Ohio-5888, the insurance company moved for summary judgment on the grounds that the plaintiff did not have UIM coverage. The insurance company argued that the plaintiff was offered and explicitly rejected the coverage. The insurance company proffered a form signed by plaintiff's representative which expressly rejected UIM coverage.
 {¶ 14} The insurance company argued that the 1997 amendments created a presumption that the signed rejection form had validly offered plaintiff UIM coverage and that plaintiff had rejected it. This Court found that argument unpersuasive. Reppl at ¶ 44. We held that, despite the 1997 amendments to R.C. 3937.18, the court in Kemper still required an insurance company to make a valid Linko offer. Id. This Court found that the rejection form did not meet Linko's requirements. Id. at ¶ 45. We did not consider any other evidence. Because there was no valid offer, this Court held that the plaintiff had not effectively rejected coverage. Id.
 {¶ 15} The facts in Reppl are similar to the facts in this case. The insurance application here rejecting coverage does not meet the Linko requirements for a valid offer.[5] TheKemper court held that a rejection form, by itself, does not constitute a valid Linko offer. Kemper at paragraphs 3 and 4. Yet, despite the fact that no offer has been validly made, appellant wishes this Court to consider whether appellees have rejected coverage based on the same rejection contained in the application. The court in Kemper prohibits us from doing so. The court in Kemper held that a signed rejection form is not effective in the absence of a Linko offer. Id. Because appellant has made a Linko-deficient offer, appellees' signed rejection is not effective either.
 {¶ 16} This Court acknowledges that a few decisions have admitted extrinsic evidence, but the majority of the appellate courts considering the issue have found that such evidence is not admissible. Shindollar v. Erie Ins. Co., 148 Ohio App.3d 537 at ¶ 23, 2002-Ohio-2971; Johnson v. Liberty Mut. Fire Ins. Co.
(Apr. 20, 2004), 10th Dist. No. 03AP-674 at ¶ 20-22, 2004 Ohio 1979; Akins v. Harco Ins. Co., 158 Ohio App.3d 292 at ¶,2004-Ohio-4267; Motorists Mut. Ins. Co. v. Hohman, 3rd Dist. No. 17-04-03 at ¶ 4, 2004-Ohio-3899.
 {¶ 17} Nothing in the amendments themselves cause this Court to believe that the Ohio legislature wishes to have courts consider extrinsic evidence in determining whether a rejection of UM/UIM coverage is effective. The legislative intent expressed inGyori has not changed. In that case, the Ohio Supreme Court refused to admit extrinsic evidence to "prevent needless litigation about whether the insurance company offered UM coverage." Gyori, 76 Ohio St. at 568.[6]
 {¶ 18} This case presents such a case. Clearly, appellant did not properly proffer UM/UIM coverage without considering extrinsic evidence. The Ohio Supreme Court in Gyori prevents a court from considering such extrinsic evidence in determining whether a valid Linko offer has been made. As such, the trial court properly found that appellees were entitled to UM/UIM coverage arising under operation of law in the same amount as that contained in their liability policy.
 III. {¶ 19} For the foregoing reasons, this Court finds that the trial court properly granted summary judgment in favor of appellees. The judgment of the trial court is hereby affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.
[1] In this case, the extrinsic evidence appellant seeks to have considered includes two automobile proposals, an affidavit of appellees' insurance agent and an automobile application which included a section reducing UM/UIM coverage.
[2] This offer must inform the insured of the availability of coverage, state the premium, include a brief description of the coverage and expressly state the UM/UIM coverage limits in its offer. Id. at 448.
[3] The certified question narrowed the time to after the 1997 H.B. 261, but before the 2001 Senate Bill 97. It must be noted that this case involves only the 1997 H.B. 261 amendments and this is the appropriate law to apply to this case because the policy was in effect beginning on March 31, 2001 and the accident occurred on August 11, 2001. See Ross v. Farmers Ins. Group
(1998), 82 Ohio St.3d 281, 287, which states "the statutory law in effect at the time of contracting or renewal defines the scope of underinsured motorist coverage." It also "controls the rights and duties of the contracting parties." Id.
[4] A discretionary appeal was accepted on March 24, 2004.Hollon v. Clary, 101 Ohio St.3d 1487, 2004-Ohio-1293.
[5] Appellant desires this Court to consider the automobile proposal, the insurance agent's affidavit and the application. However, the only evidence we can consider is the application containing the rejection because it is the only evidence that may be deemed part of the insurance contract that may be considered in determining whether a Linko- effective offer has been proffered.
[6] Appellant raises other subassignments of error. Our determination of the issue of whether appellant validly offered and appellees effectively rejected this offer renders these suberrors moot.