DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Motorists Mutual Insurance Company has moved this Court to reconsider our decision and order, journalized on December 15, 2004, which affirmed the Summit County Common Pleas Court's granting of summary judgment in favor of appellees E. Marie Wears, et. al, on their claim for uninsured/underinsured motorist ("UM/UIM") coverage arising by operation of law in the same amount as that contained in their liability policy. Appellees have responded to the motion.
 {¶ 2} In determining whether to grant a motion for reconsideration, a court of appeals must review the motion to see if it calls to the attention of the court an obvious error in its decision or if it raises issues not considered properly by the court. Garfield Hts. City School Dist. v. State Bd. of Edn.
(1992), 85 Ohio App.3d 117, 127. Appellant argues that this Court should reconsider our decision; because two days after this Court issued our decision, the Ohio Supreme Court issued its opinion inHollon v. Clary, 104 Ohio St.3d 526, 2004-Ohio-6772, which appellant argues conflicts with the law upon which the trial court's judgment and this Court's affirmance was based.
 {¶ 3} For the following reasons, this Court finds that the motion for reconsideration calls to our attention an authoritative pronouncement from the Ohio Supreme Court which resolves a conflict among the districts and which conflicts with the law stated in this Court's opinion in this case. The motion for reconsideration is granted. The appeal is reinstated, and the decision and journal entry of this Court dated December 15, 2004, is hereby vacated.
 I. {¶ 4} In this Court's December 15, 2004 decision, we affirmed the judgment of the trial court, which found that appellant did not establish that it validly offered and that appellees effectively rejected UM/UIM coverage under appellees' policy with appellant. Therefore, we affirmed the trial court's holding that appellees were entitled to UM/UIM coverage by operation of law in the same amount as contained in their liability policy.
 {¶ 5} This Court affirmed the trial court based on an interpretation of the Ohio Supreme Court's responses to certified questions in Kemper v. Michigan Millers Ins. Co.,98 Ohio St.3d 162, 2002-Ohio-7101. In that case, the Supreme Court held that the requirements for a valid offer set forth in the case ofLinko v. Indemn. Ins. Co. of N. Am., 90 Ohio St.3d 445,2000-Ohio-92, still applied after H.B. 261 revised R.C. 3937.18. The Ohio Supreme Court in Kemper also held that a signed rejection is not an effective declination of UM/UIM coverage in the absence of a valid Linko offer. However, the Kemper court left open the question of whether extrinsic evidence is admissible to prove rejection.
 {¶ 6} This Court's decision to affirm was also based on the majority of the districts which had found that extrinsic evidence was not admissible and our own prior determination that extrinsic evidence was still not admissible after the amendments to R.C.3937.18. This Court noted, however, that there was a conflict among the districts on the issue. We also noted that the Ohio Supreme Court had granted certiorari in the case of Hollon v.Clary, 155 Ohio App.3d 195, 2003-Ohio-5734, to resolve the conflict among the districts.
 {¶ 7} On December 17, 2004, two days after this Court issued our opinion in this case, the Ohio Supreme Court issued its opinion in Hollon v. Clary, 104 Ohio St.3d 526, 2004-Ohio-6772. In Hollon at syllabus, the Supreme Court held:
"A signed, written rejection of uninsured/underinsured motorist coverage is valid under the H.B. 261 version of R.C. 3937.18 if it was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits. Once a signed rejection is produced, the elements of the offer may be demonstrated by extrinsic evidence."
 {¶ 8} This holding conflicts with the position stated by this Court that extrinsic evidence is not admissible. Wears v.Motorists Mut. Ins. Co., 9th Dist. No. 22027, 2004-Ohio-6734. In this case, this Court still retained jurisdiction over the matter to hear a motion for reconsideration. App.R. 26(A). Consequently, the case is still considered pending.
 {¶ 9} This Court's December 15, 2004 decision affirming the trial court was a final appealable order which preceded the Ohio Supreme Court's decision in Hollon. App.R. 22 and 27. As a general rule, "a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Thus, the effect of the subsequent decision is not that the former decision was `bad law,' but rather that it never was the law." Williams v. Jones, 4th Dist. No. 04CA6,2004-Ohio-5512, at ¶ 9.
 {¶ 10} Generally, the doctrine of the law of the case would preclude this Court from reconsidering our decision in this case. The doctrine of the law of the case states that after an appellate court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party has not appealed to the Ohio Supreme Court, the appellate court's pronouncement of the law becomes the law of the case, which must be followed by the lower court in subsequent proceedings in that case. Pillo v. Stricklin, 5th Dist. No. 2003CA00212, 2004-Ohio-1570, discretionary appeal allowed,103 Ohio St.3d 1409, 2004-Ohio-4068. The law of the case doctrine is necessary "`not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution.'" Stacy v. Wausau Bus. Ins.Co., 5th Dist. Nos. 2001 AP 08 0076 and 2001 AP 08 0086, 2002-Ohio-1669, quoting Pavlides v. Niles Gun Show (1996),112 Ohio App.3d 609, 615.
 {¶ 11} The doctrine of the law of the case, however, is subject to a wellestablished exception. If during the pendency of the action, the Ohio Supreme Court issues an intervening decision in conflict with that of the appellate court, the appellate court's opinion should be disregarded by the trial court in favor of the pronouncement of the Supreme Court.
 {¶ 12} For example, in Layne v. Westfield Ins. Co., 4th Dist. Nos. 01CA2596 and 01CA2598, 2002-Ohio-802, appellants were injured in two separate automobile accidents during the course of their employment with a county board of commissioners and both accidents were caused by uninsured or underinsured motorists. The trial court granted appellants' motion for summary judgment. In so doing, the trial court refused to consider extrinsic evidence in determining whether a proper offer had been made and held that UM/UIM coverage existed as a matter of law.
 {¶ 13} On appeal, the Fourth District found that extrinsic evidence could be considered. Subsequently, in Linko, supra, the Ohio Supreme Court held that extrinsic evidence could not be considered.
 {¶ 14} On remand from the first appeal, the trial court followed the Fourth District's initial order which held that extrinsic evidence could be considered. On the second appeal, the Fourth District held that the trial court should have followed the intervening Ohio Supreme Court Linko decision and not considered extrinsic evidence.
 {¶ 15} Likewise, in Wright v. Cincinnati Ins. Co., 2nd Dist. No. 20640, 2004-Ohio-5932, an executrix sought underinsured motorists benefits from her employer's insurer. The trial court granted summary judgment in favor of the insurer. On appeal, the Second District reversed and remanded and the Ohio Supreme Court declined jurisdiction. In the meantime, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, which precluded UM/UIM coverage for employees who were not acting within the scope of their duties at the time of the accident.
 {¶ 16} On remand, the trial court granted the insurer's motion for summary judgment based on the intervening Galatis
decision. On the second appeal, the Second District held that the doctrine of the law of the case did not require the trial court to apply the Second District's earlier decision. The Second District held that the Supreme Court's decision changing the law applied to pending cases. See, also, Lewis v. Kizer, 3rd Dist. No. 17-04-05, 2004-Ohio-3551. (Third District held that trial court was proper in applying newly-announced Galatis decision to remanded case); Progressive Ins. Co. v. Stewart, 6th Dist. No. L-02-1206, 2003-Ohio-1628. (On subsequent appeal, Sixth District held that trial court was proper in applying intervening Ohio Supreme Court case holding that payment of underinsured motorist benefits sounded in contract, rather than tort).
 {¶ 17} The doctrine of the law of the case also requires appellate courts to follow their prior rulings on subsequent appeals. Sigrist v. S. Cent. Power Co., (Mar. 23, 1998), 5th Dist. No. 97-CA-50. However, as with a trial court on remand, an appellate court on a subsequent appeal may reexamine the law of the case the appellate court previously created, if that is the only way to avoid injustice. Pavlides, 112 Ohio App.3d at 615. An appellate court should not disregard it own decisions lightly nor encourage such as a common course for unsuccessful litigants.Weaver v. Motorists Mut. Ins. Co. (1990), 68 Ohio App. 3d 547,549.
 {¶ 18} In the case at bar, this Court finds that it is appropriate to reconsider our earlier decision in view of the Ohio Supreme Court's decision in Hollon. In Pillo, supra, the Fifth District initially held that appellee insureds were entitled to UM/UIM coverage even though they were not acting within the scope of their employment. Thereafter, the Ohio Supreme Court issued Galatis which held that coverage is only available if the employee is within the scope of his employment.
The Fifth District held that the Ohio Supreme Court's intervening Galatis decision was an extraordinary circumstance justifying the appellate court in disregarding its earlier decision.
 {¶ 19} In all the above-cited cases, the courts — whether trial or appellate — have applied an intervening Ohio Supreme Court decision relating to UM/UIM coverage to pending cases. This Court recognizes that its decision on December 15, 2004 is a final, appealable order and all the cases cited above deal with cases that have been remanded. However, there is no reason why this Court should apply a different standard when affirming a trial court's decision. In affirming, this Court still retained jurisdiction and the matter was still pending during the short reconsideration period.
 {¶ 20} Furthermore, the Ohio Supreme Court's Hollon's
decision was issued only two days after this Court's decision. In remanded cases, the period of time between the first and second appeals can often be years. Therefore, considerations of justice are stronger for applying the new law when it has just recently changed.
 {¶ 21} This Court is also mindful of the fact that the law regarding UM/UIM coverage frequently changes in Ohio. Both parties were aware that the law regarding the admissibility of extrinsic evidence was not settled and that the Ohio Supreme Court was in the process of determining that issue. Therefore, neither party can be considered to have relied to its detriment on this issue of law. Further, in every instance regarding a change in the law regarding UM/UIM coverage, the courts have applied the new law to pending cases. This Court shall do likewise.
 {¶ 22} Appellees nonetheless argue that this Court should not apply the new law set forth in Hollon, because Hollon's facts are distinguishable from those at bar. It is true that a court may apply a new law only if it conflicts with the old law.Stacy; Shaver v. Standard Oil Co. (1999),135 Ohio App. 3d 242, 248. The Ohio Supreme Court's opinion in Hollon, however, contains no limiting language. It states that once a signed rejection is produced, extrinsic evidence is admissible. We, therefore, find that Hollon governs the resolution of this case.
 {¶ 23} In considering the merits of the appellees' motion for summary judgment, the trial court did not consider extrinsic evidence in determining whether a valid Linko offer had been made. Under the dictates of Hollon, the trial court must now consider the extrinsic evidence in determining whether an offer has been made, because appellant has proffered a signed rejection form.
 III. {¶ 24} This Court hereby grants the appellant's motion for reconsideration. This Court finds that our December 15, 2004 opinion which held that extrinsic evidence is not admissible to prove the existence of a valid offer is in direct conflict with the authoritative opinion issued by the Ohio Supreme Court in Hollon v. Clary, 104 Ohio St.3d 526, 2004-Ohio-6772. Based on Hollon, we find that the trial court should have considered extrinsic evidence in determining whether an offer had been made once appellant produced a signed rejection form. For the foregoing reasons, we reverse the judgment of the trial court granting judgment in favor of appellees and remand the case for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Whitmore, J., Boyle, J., Concur.