OPINION
{¶ 1} Defendant-Appellant Ohio Hospital Insurance Company appeals the August 16, 2004, Order of the Court of Common Pleas of Stark County, Ohio, denying its Motion for Relief from Judgment.
 {¶ 2} Plaintiff-Appellee is Karen Clements.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The facts of this case are as follows:
 {¶ 4} On August 5, 2000, Plaintiff-Appellee Karen Clements was involved in an automobile accident caused by the negligence of Zacary Sgro.
 {¶ 5} The tortfeasor, Zacary Sgro, carried automobile liability insurance coverage through State Farm Mutual Insurance Company. Plaintiff-appellee Clements eventually settled with State Farm for $100,000.00.
 {¶ 6} On the date of the accident, Plaintiff-Appellee Clements was employed by Alliance Citizens Health Association dba Alliance Citizens Hospital ("ACH"), which was insured through Ohio Hospital Insurance Company ("OHIC"). OHIC issued a commercial automobile liability policy to ACH with UM/UIM coverage limits of $1 million. It is undisputed that Plaintiff-Appellee Clements was in her personal vehicle and was not in the course and scope of her employment at the time of the accident.
 {¶ 7} On August 2, 2002, Plaintiff-Appellee Karen Clements filed an action seeking, inter alia, a declaratory judgment that she was entitled to UIM coverage under the OHIC policy. She further requested that liability and damages be determined by binding arbitration. Additionally, she requested pre-judgment interest.
 {¶ 8} On January 23, 2003, the parties filed cross-motions for summary judgment.
 {¶ 9} On April 29, 2003, the trial court denied OHIC's motion for summary judgment.
 {¶ 10} On June 18, 2003, the trial court granted Plaintiff-Appellee Clements' motion for summary judgment and ordered the parties to participate in binding arbitration to determine liability and damages. The trial court based its coverage determination on Scott-Pontzer v. LibertyMutual Fire Insurance Company, 85 Ohio St. 3d 666, 1999-Ohio-292.
 {¶ 11} On July 14, 2004, OHIC appealed the trial court's denial of its motion for summary judgment but such appeal was dismissed by this Court on August 29, 2003.
 {¶ 12} On October 20, 2003, OHIC filed an appeal of this Court's dismissal with the Ohio Supreme Court.
 {¶ 13} On November 5, 2003, prior to ay further proceeding in the trial court, the Ohio Supreme Court issued its decision in WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 14} On November 21, 2003, Appellant OHIC filed a motion for reconsideration.
 {¶ 15} On December 8, 2003, Appellant OHIC filed a motion to withdraw its Motion for Relief from Judgment.
 {¶ 16} On December 24, 2003, the Ohio Supreme Court declined jurisdiction to hear OHIC's discretionary appeal.
 {¶ 17} On February 13, 2004, Appellant OHIC re-filed its motion for reconsideration.
 {¶ 18} On April 21, 2004, subsequent to a response from Plaintiff-Appellee and a Reply from Defendant-Appellant, the trial court denied Defendant-Appellant OHIC's Motion for Relief from Judgment and ordered the case to proceed to Arbitration.
 {¶ 19} On July 30, 2004, Defendant-Appellant OHIC again moved for Relief from Judgment on the basis of Galatis, supra.
 {¶ 20} On August 6, 2004, Defendant-Appellant OHIC filed a motion to stay arbitration.
 {¶ 21} On August 16, 2004, subsequent to a response and a reply, the trial court denied Defendant-Appellant OHIC's Motion for Relief from Judgment and by separate entry, denied the motion to stay arbitration.
 {¶ 22} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 23} AI. The trial court erred when it failed to apply intervening decision Westfield Ins. Co. v. Galatis (2003), 100 Ohio St.3d 316,2003-Ohio-5849 to the claim of karen clements for underinsured Motorists ("UIM") coverage, and denied relief from judgment to defendant/appellant ohio hospital insurance company.
 I. {¶ 24} Defendant-Appellant OHIC claims that the trial court erred in denying its Motion for Relief for Judgment/Motion for Reconsideration, arguing that the trial court should have applied Galatis to the instant case because it is an intervening change in Ohio law. We agree.
 {¶ 25} Plaintiff-Appellee Clements argues that the judgment in this case became final when OHIC failed to appeal the April 29, 2003, decision of the trial court and the Ohio Supreme Court declined jurisdiction to hear OHIC's discretionary appeal. Plaintiff-Appellee also maintains OHIC cannot rely upon a change in the law to justify its attempt to re-litigate the issue of coverage.
 {¶ 26} Plaintiff-Appellee further argues that when the Ohio Supreme Court declined jurisdiction in this matter, res judicata attached and the unappealed April 29, 2003, decision of the trial court became the law of the case on the legal question of Appellee's right to coverage under OHIC's policy. Appellee further maintains the doctrine of res judicata barred the trial court from applying the Galatis decision to the case sub judice.
 {¶ 27} The doctrine of res judicata is defined as "[a] valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, syllabus, 1995-Ohio-331. The doctrine is a substantive rule of law that applies to a final judgment. [Citations omitted.]Hopkins v. Dyer, supra, at ¶ 22.
 {¶ 28} Defendant-Appellant OHIC contends a final judgment had not been entered in favor of Appellee in this matter and therefore, the doctrine of res judicata did not bar the trial court's application of Galatis.
 {¶ 29} In Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, the Ohio Supreme Court discussed the law-of-the-case doctrine and stated as follows:
 {¶ 30} "The law of the case is a longstanding doctrine in Ohio jurisprudence. `[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan, 11 Ohio St.3d at 3, 11 OBR 1,462 N.E.2d 410. The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. State ex rel. Potain v. Mathews (1979),59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343. It is considered a rule of practice, not a binding rule of substantive law. Hubbard ex rel.Creed v. Sauline (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781."Hopkins at ¶ 15.
 {¶ 31} The Court also explained, in Hopkins, that it has previously recognized an exception to the doctrine of the law of the case in Jonesv. Harmon (1930), 122 Ohio St. 420, wherein it held that an inferior court must take notice of an intervening decision, by a superior court that is inconsistent with the law of the case. Id. at ¶ 16. The Court found the facts of Hopkins similar to those considered by Jones. Thus, the Court held that the decision, in Galatis, constituted extraordinary circumstances that created an exception to the law-of-the-case doctrine because Galatis constituted an intervening decision by a superior court that was inconsistent with the law of the case. Id. at ¶ 18.
 {¶ 32} The Ohio Supreme Court has defined an "intervening decision" not in terms of application, but rather substance. Thus, according to the Ohio Supreme Court, an "intervening decision" is one which states a rule of law in conflict with the earlier mandate. State ex rel. Crandall,Pheils Wisniewski v. DeCessna (1995), 73 Ohio St.3d 180, 183,1995-Ohio-98. Clearly, Galatis is an intervening decision as it narrows the application of Scott-Pontzer and overrules Ezawa v. Yasuda Fire Marine Ins. Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 33} Further, in Pillo v. Stricklin, Stark App. No. 2003CA00212,2004-Ohio-1570, we recently declined to apply the law-of-the-case doctrine and recognized Galatis as an intervening decision. In Pillo,
after the Ohio Supreme Court declined jurisdiction in an appeal, the trial court appointed an arbitration chairperson and ordered that arbitration occur within sixty days of the trial court's order. Id. at ¶ 11. Continental Casualty Company appealed the trial court's order of arbitration. Id. at ¶ 14. On appeal, we applied Galatis and explained:
 {¶ 34} "We find that, due to the intervening decision issued by the Ohio Supreme Court in Galatis, supra. (sic), the law of the case doctrine is inapplicable and that our previous decision in this matter holding that appellees were entitled to UM/UIM coverage under both policies must be re-examined. * * * We find that the Ohio Supreme Court Galatis case was an `intervening decision' that created extraordinary circumstances justifying such re-examination. * * * Clearly, it would be unjust to allow appellees to recover despite the recent Galatis case simply because they had a previous appeal to this and to the Ohio Supreme Court, which declined jurisdiction, when we currently are applying Galatis to cases that are up on appeal for the first time." Id. at ¶ 25.
 {¶ 35} In further support, in a recent decision from the Ohio Supreme Court, Shirley v. Republic-Franklin Ins. Co., 104 Ohio St.3d 638,2005-Ohio-182, the Supreme Court reversed our decision, pursuant toHopkins v. Dyer, supra, and remanded the matter to the trial court for the application of Galatis. The Shirley case is significant because the Court concluded the doctrine of the law of the case was not applicable even where the trial court's prior decision was challenged in a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), on issues not directly addressed but disposed of in an earlier un-appealable decision.
 {¶ 36} For the reasons set forth in Hopkins, we conclude the doctrine of res judicata does not apply, in the case sub judice, because the trial court had not issued a final judgment. While the trial court had made a declaration of coverage, an order was also made to send the case to binding arbitration to determine damages, which was still pending.
 {¶ 37} Accordingly, for the foregoing reasons, we conclude the trial court erred in failing to apply Galatis as an intervening decision of the Ohio Supreme Court and thus, the doctrine of the law of the case is inapplicable.
 {¶ 38} Appellant's sole assignment of error is sustained.
 {¶ 39} The judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
Boggins, P.J., Hoffman, J., and Farmer, J., concur.