OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their supplemental authority. Defendant-Appellant, Elsie Snyder, appeals the decision of the Jefferson County Court of Common Pleas which granted summary judgment in favor of Plaintiff-Appellee, Westfield Insurance Company. Snyder's claim against Westfield is based on Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, which was recently limited by the Ohio Supreme Court in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 201, 2003-Ohio-5849. Because we conclude that the Court's decision in Galatis excludes Snyder from coverage, the decision of the trial court is affirmed.
 Facts {¶ 2} Snyder was walking across a crosswalk on personal business when she was struck and seriously injured by a car driven by Walter Yanda. Yanda had a $50,000 liability policy at the time of the accident. Yanda's insurer paid Snyder the full amount of the policy limits. Snyder then brought an underinsured motorist claim against her employer's insurance carrier, Westfield, under the authority of Scott-Pontzer. Westfield subsequently filed a complaint for declaratory judgment seeking a declaration that Snyder was not an insured under the terms of its policy with her employer. Each party moved for summary judgment. The trial court concluded that Snyder was not an insured under the terms of Westfield's policy with her employer and granted Westfield's motion for summary judgment. It is from this judgment that Snyder timely appeals.
 Westfield v. Galatis {¶ 3} Snyder's claim for underinsured motorist benefits from Westfield is based on the Ohio Supreme Court's decision inScott-Pontzer. In Scott-Pontzer, the court held that a person can recover underinsured motorist benefits from her employer's automobile insurance carrier if the employer is the named insured and a corporation and the commercial automobile liability policy defines an insured as "you". The court held that the "you" in the insurance policy was ambiguous, so it read the insurance policy against the insurance company and held that a corporation's employees are insureds under these types of insurance policies. Id. at 664.
 {¶ 4} The Ohio Supreme Court recently limited the application of Scott-Pontzer Galatis. Galatis at paragraph two of the syllabus. "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" Id.
 {¶ 5} In Parks v. Rice, 7th Dist. Nos. 02 CA 197, 02 CA 198, 2004-Ohio-2477, we noted that the Ohio Supreme Court has applied Galatis retrospectively and determined that we must do so as well.
 {¶ 6} Galatis states that an employee is not an "insured" for the purposes of uninsured/underinsured motorist coverage if the employee is not within the scope of her employment when she is injured unless the policy contains specific language to the contrary. As stated above, Snyder was walking across a crosswalk on personal business when the accident occurred, so she was not in the scope of her employment when she was injured. And the insurance contracts do not contain specific language extending coverage to the Parks. Accordingly, we conclude that Snyder was not an insured under her employer's corporate insurance policy and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.