HOPKINS, N.K.A. PETERSON, APPELLEE, *v.* DYER; LUMBERMENS
MUTUAL CASUALTY COMPANY, APPELLANT.

[Cite as *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769.]

(No. 2003–2167—Submitted September 14, 2004—Decided December 17, 2004.)

LUNDBERG STRATTON, J.

{¶ 1} The single proposition of law before us states that an "intervening decision" by the Ohio Supreme Court "applies as an exception to the law of the case theory of practice and inferior courts are mandated to follow the Supreme Court's decision." This is, however, a longstanding statement of law. We have previously held that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus.

{¶ 2} The parties do not contest this statement of law. The real dispute between the parties involves whether the decision of this court in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, is an "intervening decision" that created an exception to the applicability of the law-of-the-case doctrine in this case.

{¶ 3} *Galatis* created a change in the law that was inconsistent with the legal conclusion reached by the appellate court in this case. The appellate court below issued its decision in this matter two weeks after we issued *Galatis* but refused to reconsider its decision, stating that the law of the case precluded application of *Galatis.*[1]

{¶ 4} Appellant, Lumbermens Mutual Casualty Company, contends that the appellate court was required to follow *Galatis* because it created an exception to

---

1. This same appellate court acknowledged the intervening *Galatis* as an exception to the law-of-the-case doctrine and applied it to similar facts in a case decided a few months after the decision being appealed from here. *Pillo v. Stricklin,* Stark App. No. 2003CA00212, 2004-Ohio-1570, 2004 WL 615754, ¶ 25.

the law-of-the-case doctrine. Appellee, Jennifer Hopkins, however, argues that the underlying issue of insurance coverage was reduced to final judgment and that res judicata bars relitigation. Even if the issue could be reopened, she argues, *Galatis* is distinguishable and does not apply to change the result in this case.

{¶ 5} For the reasons more fully explained below, we hold that *Galatis* is an intervening decision that created an exception to the law-of-the-case doctrine and that the court of appeals was obligated to follow *Galatis* in the case below. Therefore, we reverse the judgment of the court of appeals and remand the cause to the appellate court with instructions to apply *Galatis* and enter judgment in favor of appellant.

{¶ 6} In 1988, appellee, Jennifer Hopkins, then age 16, was injured when the bicycle she was riding was struck by a vehicle driven by Douglas Dyer. Nancy Hopkins, as mother and guardian of Jennifer Hopkins, settled with Dyer's insurer for the $15,000 policy limits of his liability policy. She executed a release of claims against Dyer.

{¶ 7} On the date of the accident, Hopkins was a part-time employee at a fast food restaurant but was not acting within the course and scope of employment when she was injured. The restaurant had a comprehensive general liability insurance policy and a comprehensive catastrophic liability insurance policy issued by appellant, Lumbermens.

{¶ 8} In 2000, Jennifer Hopkins filed an action, Tuscarawas Common Pleas No. 2000 CV 07 0353, against Dyer and various insurance companies, not including Lumbermens, that asserted claims for underinsured motorist coverage pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. Lumbermens filed a declaratory judgment action with respect to coverage issues. The cases were consolidated.

{¶ 9} The trial court awarded summary judgment to Lumbermens.[2] The court concluded that Jennifer Hopkins was not entitled to uninsured or underinsured motorist ("UM/UIM") coverage because she was not an insured under the Lumbermens policies. Hopkins appealed.

{¶ 10} The court of appeals reversed the judgment as to Lumbermens and remanded the cause to the trial court (*"Hopkins I"*). The appellate court concluded that Lumbermens had been obligated to offer UM/UIM coverage but failed to do so. Therefore, coverage arose by operation of law under former R.C.

---

2. The trial court simultaneously entered judgment on behalf of other parties that also resulted in appeals. Because Lumbermens is the sole appellant in this matter, we limit the recitation of facts to matters that involve Lumbermens only.

3937.18. The court further held that pursuant to *Scott–Pontzer*, Hopkins was an insured for purposes of UM/UIM coverage under both Lumbermens policies.

{¶ 11} The court in *Hopkins I* remanded the cause for the trial court to decide issues of stacking, pro rata coverage, exposure, and other potential affirmative defenses that the trial court had not considered. The appellate court further stated that it would be premature to rule on whether Lumbermens suffered prejudice from the 11–year delay in notice of Hopkins's claim, but instructed the lower court to follow *Myers v. Safeco Ins. Co.* (Feb. 18, 2000), Licking App. No. 99CA00083, 2000 WL 329800, which held that exclusionary provisions do not apply to UM/UIM coverage that is implied by law.[3]

{¶ 12} Upon remand, the trial court concluded as a matter of law that Hopkins was insured under the Lumbermens policies and that both policies provided coverage by operation of law pursuant to *Scott-Pontzer*, 85 Ohio St.3d 660, 710 N.E.2d 1116. The court relied on the conclusions by the court of appeals as constituting the law of the case. The trial court also concluded that because UIM coverage was imposed by operation of law, none of the terms, conditions, or exclusions in the Lumbermens liability coverage applied. However, the trial court allowed a setoff for the $15,000 previously recovered from Dyer's insurer.

{¶ 13} The case was appealed for a second time. On November 17, 2003, the appellate court affirmed (*"Hopkins II"*).[4] Lumbermens moved for reconsideration based upon *Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, which had been decided on November 5, 2003. The appellate court denied reconsideration. The court explained that it could not change its ruling because the law-of-the-case doctrine precluded the application of *Galatis*.

{¶ 14} The cause is before this court upon the acceptance of a discretionary appeal.

{¶ 15} The law of the case is a longstanding doctrine in Ohio jurisprudence. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan,* 11 Ohio St.3d at 3, 11 OBR 1, 462 N.E.2d 410. The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13

---

3. *Myers* was subsequently reversed on the authority of *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 744 N.E.2d 713. *Myers v. Safeco Ins. Co. of Am.* (2001), 91 Ohio St.3d 333, 744 N.E.2d 1162.

4. The appellate court reversed the trial court's decision to allow a setoff. That issue is not before us and is now moot.

O.O.3d 17, 391 N.E.2d 343. It is considered a rule of practice, not a binding rule of substantive law. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781.

{¶ 16} We recognized an exception to the doctrine of the law of the case in *Jones v. Harmon* (1930), 122 Ohio St. 420, 172 N.E. 151, a negligence case. In *Jones,* the appellate court determined that the trial court had erroneously instructed the jury on the duty to yield the right of way. The appellate court reversed and remanded the cause for retrial using the appropriate jury charge.

{¶ 17} Upon remand, the trial court in *Jones* complied with the appellate court's mandate. In a second appeal, the court of appeals affirmed. However, prior to the second trial, this court issued an opinion that conflicted with the appellate court's initial decision so that the jury instruction given at the retrial was erroneous. Although the trial court and court of appeals had dutifully adhered to the law of the case, we reversed, stating that "we are compelled to the conclusion that the trial judge was bound to take notice of the judgment of this court and to give the charge applicable under the latest decision of this court upon the facts presented at the second trial. Not to do so was reversible error, and the Court of Appeals was incorrect in affirming the judgment of the court below." Id., 122 Ohio St. at 424, 172 N.E. 151.

{¶ 18} This case presents similar circumstances. Twelve days before the decision in *Hopkins II,* we decided *Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. *Galatis* limited the availability of UM/UIM coverage under *Scott-Pontzer* to those employees who were injured within the course and scope of employment. Id. at paragraph two of the syllabus. We applied *Galatis* to all our pending cases in which a party had asserted a *Scott–Pontzer* cause of action but had not sustained injury while acting within the course and scope of employment at the time of the accident. *In re Uninsured & Underinsured Motorist Coverage Cases,* 100 Ohio St.3d 302, 2003-Ohio-5888, 798 N.E.2d 1077. We decided these cases without an opinion; however, at least two justices later voiced the belief that "*Galatis* represents an intervening change in the law with respect to [*Scott–Pontzer*] claims and presents a compelling reason for courts below to reexamine a point of law." *Fish v. Ohio Cas. Ins. Co.,* 101 Ohio St.3d 1210, 2004-Ohio-224, 802 N.E.2d 149, ¶ 2 (Stratton, J., concurring, joined by O'Donnell, J.).

{¶ 19} Hopkins admitted in her complaint that she was not within the course and scope of her employment at the time of the accident. Therefore, as a matter of law, Hopkins does not qualify as an insured for purposes of UM/UIM coverage under her employer's insurance policies. *Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. Because this holding is contrary to the determination in *Hopkins I* that she was entitled to *Scott–Pontzer* coverage, *Galatis* constituted an

intervening decision by a superior court that was inconsistent with the law of the case. Under these extraordinary circumstances, the court of appeals should have followed *Galatis*.

{¶ 20} Hopkins argues that *Galatis* should not apply because it does not conflict with *Hopkins I*. She contends that *Hopkins I* imposed underinsured motorist coverage by operation of law based on a policy issued to an individual while *Galatis* limited such coverage by interpreting the meaning of "you" within a corporate policy. However, when we applied *Galatis* to pending cases in this court, we did not distinguish the cases on any such basis. *In re Uninsured & Underinsured Motorist Coverage Cases*, 100 Ohio St.3d 302, 2003-Ohio-5888, 798 N.E.2d 1077. The threshold issue was whether the employee seeking coverage was acting within the course and scope of employment at the time of the accident. Hopkins admits that she was not.

{¶ 21} Hopkins also argues that the law-of-the-case doctrine applies because the issue of insurance coverage was the subject of a final judgment, and res judicata bars reopening that judgment. She cites as authority *Phung v. Waste Mgt., Inc.* (1994), 71 Ohio St.3d 408, 644 N.E.2d 286, in which we applied the doctrine of res judicata to hold that the trial court was precluded from considering on remand the plaintiff's wrongful-discharge claim where that claim had been dismissed and the dismissal had been affirmed on appeal. Although Phung's claim for intentional infliction of emotional distress remained pending, we held that dismissal of the wrongful-death claim constituted a final judgment on that particular cause of action, and res judicata applied to bar relitigation. Id. at 412–413, 644 N.E.2d 286.

{¶ 22} Res judicata is a substantive rule of law that applies to a final judgment, whereas the law-of-the-case doctrine is a rule of practice analogous to estoppel. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 730 and 733, 146 N.E. 291; *Hart Steel Co. v. RR. Supply Co.* (1917), 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (res judicata is "not a mere matter of practice or procedure"). Contrary to Hopkins's assertions, there was no final judgment as to insurance coverage. *Hopkins I* decided that Hopkins qualified as an insured under the Lumbermens policies but remanded the cause for the trial court to decide various defenses, including prejudice from the long delay in notifying Lumbermens of her UIM claim. The appellate court specifically articulated that it was premature to decide the issue of prejudice. Therefore, we reject Hopkins's argument that res judicata, not law of the case, applies.

{¶ 23} Consequently, we hold that the decision in *Galatis* constituted extraordinary circumstances that created an exception to the law-of-the-case doctrine and that the court below was obligated to apply *Galatis*. We reverse the judgment of

the court of appeals and remand the cause to the appellate court with instructions to apply *Galatis* and enter judgment in favor of Lumbermens.

Judgment reversed.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

———————

Douglas J. O'Meara, for appellee.

Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Shawn W. Maestle and Ronald A. Rispo, for appellant.

Davis & Young and Richard M. Garner, urging reversal for amicus curiae Cincinnati Insurance Co.

Gallagher, Sharp, Fulton & Norman, Jay Clinton Rice and Richard C.O. Rezie, urging reversal for amici curiae Federal Insurance Co. and Continental Casualty Co.

Charles Claypool, urging affirmance for amicus curiae Hubert Shropshire.