OPINION
{¶ 1} Plaintiffs-appellants Karen L. Fish, et al. appeals the August 4, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Republic-Franklin Insurance Company ("Republic"), finding the Ohio Supreme Court decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, applied retroactively to the instant action.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 19, 1996, Kenneth Fish ("decedent") sustained fatal injuries when the motorcycle he was riding was struck by an automobile driven by Richard Williams. At the time of his death, decedent was survived by two minor children; his mother, Karen Fish; his father, Cecil Fish, Jr.; his sister, Lori Michalec; and two brothers, Jason Fish and James Fish. On October 30, 1996, Karen Fish, as the Administrator of decedent's Estate, settled with the tortfeasor for the policy limits of $12,500, and released Williams' automobile liability insurance carrier, Colonial Insurance Company of California.
 {¶ 3} The Estate also received UIM benefits from Allstate Insurance Company ("Allstate"), the personal UM/UIM carrier of Karen and Cecil Fish. Allstate paid its UIM coverage limit of $50,000, less a setoff for the $12,500 received from the tortfeasor. Thereafter, on June 22, 2001, appellants filed a declaratory judgment action seeking UIM coverage under various policies. For purposes of this appeal, the policies at issue are a business auto policy and an umbrella policy both issued by Republic. These policies, which were in effect on the date of decedent's death, were issued to Jeter Systems, the employer of James Fish and Lori Michalec, decedent's brother and sister. The Republic business auto policy provided express UM/UIM coverage in the amount of $500,000. The umbrella policy provided express UM/UIM coverage in the coverage amount of $5 million.
 {¶ 4} In their declaratory judgment action, appellants sought UIM coverage under the policies issued by Republic. Appellants and Republic filed respective motions for summary judgment on the UIM coverage issues. Via Judgment Entry filed December 17, 2002, and Judgment Entry Nunc Pro Tunc filed on December 19, 2002, the trial court found appellants were entitled to UIM coverage under both Republic policies. The trial court ordered the parties to binding arbitration.
 {¶ 5} Republic filed a timely Notice of Appeal to this Court. We affirmed the decision of the trial court relative to its finding appellants were insureds under Republic's policies. Fish v. TheRepublic-Franklin Ins. Co., Stark App. No. 2003CA00044, 2003-Ohio-4277. However, we remanded the matter to the trial court to conduct a hearing pursuant to Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217. Id. at para. 65-66.
 {¶ 6} Republic filed a Notice of Certified Conflict and a discretionary appeal with the Ohio Supreme Court. On June 23, 2004, the Ohio Supreme Court found no conflict existed, and declined jurisdiction over the discretionary appeal. Fish v. The Republic-Franklin Ins. Co.,101 Ohio St.3d 1479, 2004-Ohio-3069; Fish v. The Republic-Franklin Ins.Co., 101 Ohio St.3d 1482, 2004-Ohio-3069.
 {¶ 7} On July 7, 2004, Republic filed a motion for summary judgment in the trial court based upon Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Appellants filed a motion in opposition thereto. Via Order and Final Judgment Entry filed August 4, 2004, the trial court found Galatis applied retroactively, and granted summary judgment in favor of Republic.
 {¶ 8} It is from this Judgment Entry appellants appeal, raising the following assignment of error:
 {¶ 9} "I. The Trial Court erred in granting RFI's motion for summary judgment which sought relief from final judgment on those matters declared in appellants [sic] declaratory judgment action which matters became final once the ohio supreme court rejected both rfi's discretionary appeal and certified conflict."
 I {¶ 10} In our previous opinion, we determined appellants were insureds under Republic's business auto and umbrella policies but remanded the case to the trial court for a Ferrando analysis. Accordingly, the ultimate issue as to whether coverage existed had yet to be finally determined. Prior to the trial court's reaching the Ferrando issues,Galatis was decided. After the original briefs in this appeal were filed, the Ohio Supreme Court decided Hopkins v. Dyer (2004),104 Ohio St.3d 461, 2004-Ohio-6769. Hopkins is instructive as to the retroactive application of Galatis.
 {¶ 11} Based upon Hopkins, we conclude the trial court properly applied Galatis in the case subjudice because the existence of coverage had yet to be determined at the time Galatis was decided.
 {¶ 12} Appellants' assignment of error is overruled.
 {¶ 13} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.