{¶ 68} I respectfully dissent from the majority opinion. I believe the trial court properly found Galatis inapplicable. My reasons follow.
 {¶ 69} Recently, in Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, the Ohio Supreme Court addressed the issue of whether Galatis is an intervening decision which creates an exception to the applicability of the law-of-the-case doctrine. In Hopkins, the plaintiff filed a suit against the tortfeasor and various insurance companies, asserting claims for underinsured motorist coverage pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Id. at para. 8. Lumbermens Mutual Casualty Co., which insured the fast food restaurant at which the plaintiff worked as a part-time employee and which was not named in the plaintiff's suit, filed a separate declaratory judgment action with respect to coverage issues. Id. The cases were consolidated. Id. Lumbermens filed a motion for summary judgment, which the trial court granted, finding the plaintiff was not entitled to UM/UIM coverage because she was not an insured under the Lumbermens policies. Id. at para. 9.
 {¶ 70} The plaintiff appealed to this Court. We reversed the judgment of the trial court. Id. at para. 10. This Court concluded Lumbermens had been obligated to offer UM/UIM coverage, but failed to do so; therefore, coverage arose by operation of law under former R.C. 3937.18. Id. This Court also held the plaintiff was an insured pursuant to Scott-Pontzer
for purposes of UM/UIM coverage under both Lumbermens policies. Id. We remanded the matter to the trial court to decide issues of stacking, pro rata coverage, exposure, and other potential affirmative defenses. Id. at para. 11.
 {¶ 71} Upon remand, the trial court concluded, as a matter of law, the plaintiff was an insured under the Lumbermens policies, and both policies provided coverage by operation of law pursuant to Scott-Pontzer. Id. at para. 12. The trial court relied upon the conclusion of this Court as constituting the law of the case. Id. The trial court concluded, because UIM coverage arose by operation of law, the terms, conditions, or exclusions in the Lumbermens liability coverage did not apply. Id. The trial court allowed a set-off of the $15,000 recovered from the tortfeasor's insurer.
 {¶ 72} The matter was again appealed to this Court. We affirmed the decision of the trial court. Id. at para. 13. Lumbermens moved for reconsideration based upon Galatis, which the Supreme Court decided 12 days prior to our affirmance of the second appeal. Id. We denied reconsideration, finding the law of the case doctrine precluded the application of Galatis. Id. Lumbermens appealed to the Ohio Supreme Court, which accepted the discretionary appeal. Id. at para. 14.
 {¶ 73} Although recognizing the law of the case as a longstanding doctrine in Ohio jurisprudence and acknowledging its necessity, the Ohio Supreme Court explained the doctrine was a rule of practice, not a binding rule of substantive law. Id. at para. 15. The Ohio Supreme Court held the decision in Galatis constituted extraordinary circumstances which created an exception to the law-of-the-case doctrine and this Court was obligated to apply Galatis. The Supreme Court specifically rejected the plaintiff's further assertion res judicata barred reopening the judgment, finding res judicata did not apply as there was no final judgment as to insurance coverage. Id. at para. 22.
 {¶ 74} I find Hopkins distinguishable from the instant action. InHopkins I, this Court found the plaintiff qualified as an insured under the Lumbermens polices, and remanded the cause to the trial court to consider various defenses to coverage. Id. Thus, the issue of the existence of coverage remained undetermined. In fact, the Supreme Court specifically found there had been no final judgment on the issue. In the original appeal in the instant action, this Court determined coverage existed. We remanded the matter for the trial court to apportion damages and determine prejudgment interest, neither of which impact nor negate the existence of coverage, but rather impact the extent of coverage. Pursuant to R.C. 2721.02(A), which reads, a "declaration has the effect of a final judgment or decree," our decision affirming the trial court's October 16, 2002 Judgment Entry rendered any issue as to the existence of coverage final. Our remand orders regarding the assessment of damages and prejudgment interest were independent of the determination of the existence of coverage. Because the issue of coverage was finally decided, I find res judicata bars the application of Galatis. Galatis
does not apply retroactively in the case sub judice because, unlikeHopkins, the issue as to the existence of coverage was no longer pending at the time Galatis was decided.
 {¶ 75} I would affirm the trial court's decision not to applyGalatis and overrule Federal's first assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to be split equally among Appellees.