OPINION
{¶ 1} This appeal involves claims for uninsured/underinsured motorist insurance coverage ("UM/UIM") based on legal principles established in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, which has since been partially overruled by Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph two of the syllabus. The basic issue on review is whether or not an employee was an insured under two corporate automobile policies. The trial court ruled in favor of Appellee Richard Wendt, the employee. Based on Galatis, an employee may only qualify as an insured under a business automobile liability policy if he or she was acting in the course and scope of employment at the time of the accident. Appellee acknowledges that the automobile accident did not occur in the course and scope of employment. Therefore, the judgment of the Mahoning County Court of Common Pleas is hereby reversed in light of Galatis.
 {¶ 2} On November 5, 2000, Appellee Richard Wendt was a passenger in a vehicle owned by the tortfeasor, Mr. Monty Lopez, who had lost control of his vehicle on a snowy road and crashed. Appellee exhausted the limits of Mr. Lopez's auto insurance policy. At the time of the accident, Appellant was employed by Aerolite Extrusion Company ("Aerolite"). Appellee attempted to claim UM/UIM from two insurance policies owned by Aerolite. The policies were issued by Federal Insurance Co. ("Federal"), a subsidiary of Chubb Group of Insurance Companies, who will be referred to collectively as Appellants. The first policy was a commercial automobile liability policy ("Commercial Auto Policy"), with $1 million in UM/UIM coverage. The second policy was a $10 million commercial umbrella policy ("Umbrella Policy") covering, in part, the Commercial Auto Policy.
 {¶ 3} On February 4, 2002, Appellee filed a declaratory judgment action in the Mahoning County Court of Common Pleas, in order to obtain UM/UIM coverage under both Federal policies. Appellee filed an amended complaint on May 3, 2002, and a second amended complaint on September 11, 2002. The claims were based onScott-Pontzer, supra, which held that an ambiguity in the definition of the word "you" as the named insured in a corporate automobile liability policy had the effect of extending UM/UIM coverage to employees of the corporation. Scott-Pontzer at 664,710 N.E.2d 1116.
 {¶ 4} On October 1, 2002, Appellee filed a motion for summary judgment, claiming that the policy language in the Federal policies was identical to the language in Scott-Pontzer.
Appellee admitted that he was not acting in the course and scope of employment at the time of accident, but argued thatScott-Pontzer did not contain a "course and scope of employment" requirement for UM/UIM coverage to be available to employees of a corporation.
 {¶ 5} On November 14, 2002, Appellants filed a cross-motion for summary judgment, arguing that Appellee was not an insured under the policies. More specifically, Appellants asserted that Appellee was not occupying a covered vehicle at the time of the accident, and that Scott-Pontzer did not intend that all employees of corporations should be covered at all times for UM/UIM coverage, regardless of the circumstances.
 {¶ 6} On October 27, 2003, the trial court overruled Appellants' motion for summary judgment and sustained Appellee's motion for summary judgment, and determined that Appellee was entitled to UIM coverage under the Commercial Auto Policy, and coverage under the Umbrella Policy, subject to the policy limits.
 {¶ 7} On November 5, 2003, the Ohio Supreme Court issued theGalatis opinion.
 {¶ 8} This timely appeal was filed on November 25, 2003.
 {¶ 9} Appellee has not filed a responsive brief in this case. Pursuant to App.R. 18(C), "[I]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 10} Appellants' first assignment of error asserts:
 {¶ 11} "The trial court erred in granting summary judgment to the Plaintiff-Appellee and overruling the defendants' cross-motion for summary judgment, thereby declaring that the Appellee is entitled to UM/UIM coverage under his employer's business auto and commercial umbrella policies with Federal by application of the Ohio Supreme Court's decision inScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292. (Order of 10/27/2003, pg. 1.)"
 {¶ 12} This matter involves the trial court's determination of two motions for summary judgment. Appellate review of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. In accordance with Civ.R. 56, summary judgment is appropriate:
 {¶ 13} "[W]hen (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201.
 {¶ 14} Appellants assert that Scott-Pontzer is no longer good law, and that Galatis should be applied to the facts of this case. Appellants argue that Appellee has already acknowledged that he was not acting in the course and scope of employment at the time of the accident. Appellants contend that, under the clear holding of Galatis, an employee of a corporation cannot assert Scott-Pontzer UM/UIM coverage under a corporate auto insurance policy if the employee was not acting in the course and scope of employment at the time of the accident.
 {¶ 15} Appellants' argument is correct. Galatis held, in pertinent part, that: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at ¶ 62. The record contains Appellee's acknowledgement that he was not acting in the course and scope of employment at the time of the accident. (10/1/02 Appellee's Motion for Summary Judgment, p. 4.) Appellee has not pointed to any other provision in either policy that would require UM/UIM benefits to be paid apart from the rationale established in Scott-Pontzer. Therefore, Appellee is not entitled to UM/UIM coverage under either policy. Appellants' first assignment of error is sustained.
 {¶ 16} Furthermore, the Ohio Supreme Court has recently held that Galatis must be applied to UM/UIM cases currently under appeal even when the law of the case doctrine would normally preclude the application of intervening changes in caselaw.Hopkins v. Dyer, 104 Ohio St.3d 461, 820 N.E.2d 329 (decided December 17, 2004).
 {¶ 17} Appellants' second assignment of error asserts:
 {¶ 18} "The trial court erred in ordering the parties to proceed to arbitration of the Plaintiff/Appellee's UM/UIM claim under his employer's Commercial Umbrella Policy. (Order of 10/27/2003, pg. 1.)"
 {¶ 19} Appellants argue that the trial court should not have ordered arbitration, particularly arbitration of benefits under the Umbrella Policy because that policy did not have an arbitration clause. The arbitration clause is found in the "Ohio Uninsured Motorists Coverage — Bodily Injury" endorsement, Section D(4)(a), which states in pertinent part: "disputes concerning coverage under this endorsement may not be arbitrated." The relevant issue resolved at trial and in this appeal deals with whether Appellee was an insured under either policy, and thus, whether there was coverage.
 {¶ 20} This case was not appropriate for arbitration. As explained in the analysis of assignment of error number one, Appellee is not covered under either policy. The case should not have been submitted to arbitration because Appellee was not in a position to rely on the arbitration clause in the first place.
 {¶ 21} For the foregoing reasons, Appellants' assignments of error are sustained. The judgment of the Mahoning County Court of Common Pleas is reversed and we hereby grant summary judgment to Appellants.
Vukovich, J., concurs.
DeGenaro, J., concurs.