OPINION
{¶ 1} Anthony Scerba ("Appellant") is appealing a decision of the Mahoning County Court of Common Pleas granting summary judgment to The North River Insurance Co. and Crum Forster Underwriters of Ohio ("Appellees") in a dispute over uninsured/underinsured motorist ("UM/UIM") automobile coverage. Appellees asserted that the recent case of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, defeats Appellant's claim that he is entitled to UIM benefits arising out of his employer's automobile insurance policies. The trial court agreed and granted summary judgment to Appellees. Appellant argues that Galatis cannot be applied retroactively to an insurance contract claim that accrued prior to the date that the Galatis opinion was released, citing Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209,129 N.E.2d 467. The Ohio Supreme Court has recently ruled that Galatis
must be applied retrospectively to all pending cases, even if the law of the case doctrine would normally preclude such application. Hopkins v.Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329 (decided December 17, 2004). This Court has also specifically ruled that Peerless
does not prevent Galatis from being applied to open appeals, and thatGalatis must be applied to pending UIM appeals. Parks v. Rice (2004),157 Ohio App.3d 190, 2004-Ohio-2477, 809 N.E.2d 1192. For these reasons, Appellant's argument is without merit and the judgment of the trial court is affirmed.
 {¶ 2} On December 17, 1994, a vehicle driven by David Gutierrez collided with Appellant's vehicle in Youngstown, Ohio. Appellant sustained serious and permanent injuries. At the time of the accident, Appellant was employed by Thomas Strip Steel Company, which had purchased automobile insurance coverage from Appellees. Appellant asserted a UIM claim against Appellees, which was denied. On September 19, 2002, Appellant filed a complaint in the Mahoning County Court of Common Pleas in order to obtain UIM benefits under the policies. On September 17, 2003, Appellant filed a motion for summary judgment, claiming coverage based on the holding of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. On September 25, 2003, Appellees filed their own motion for summary judgment. On December 24, 2003, Appellees filed a supplement to their motion, asserting that summary judgment should be granted on the basis of the recently decidedGalatis case. On December 29, 2003, Appellant filed a supplemental response, arguing that Galatis could not be applied retrospectively to a case involving contract rights, citing Peerless, supra.
 {¶ 3} On January 14, 2004, the trial court sustained Appellees' motion for summary judgment on the basis of Galatis. This timely appeal was filed on February 12, 2004.
 {¶ 4} Appellant's sole assignment of error asserts:
 {¶ 5} "The trial court erred to the prejudice of plaintiff-appellant, Anthony M. Scerba, in granting summary judgment in favor of appellees, the north river insurance company, and Crum and Forster Underwriters of Ohio, on the authority of Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849."
 {¶ 6} This case involves a challenge to summary judgment, which is reviewed de novo on appeal. Civ.R. 56(C); Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim." (Emphasis in original.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293, 662 N.E.2d 264.
 {¶ 7} Appellant asserts that his insurance claim arises from the holding in Scott-Pontzer, which allowed an employee of a corporation to obtain UM/UIM benefits from a corporate automobile liability policy due to an ambiguity in the policy's definition of an "insured."Scott-Pontzer at 664, 710 N.E.2d 1116.
 {¶ 8} Appellees assert that Scott-Pontzer has been explicitly overruled in the recent Galatis case, which held that Scott-Pontzer only applies to situations in which the employee was acting in the course and scope of employment at the time of the accident. Galatis at paragraph two of the syllabus. Appellant admits that he was not acting in the course and scope of employment at the time of the accident.
 {¶ 9} Appellant argues in rebuttal, though, that Galatis does not apply to his UM/UIM claim. Appellant acknowledges that, normally, a decision of the Ohio Supreme Court is retrospective in its application. Appellant contends that there are exceptions to that rule, as noted in thePeerless opinion:
 {¶ 10} "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." Peerless, supra, at 210, 129 N.E.2d 467.
 {¶ 11} Appellees argue that this Court, in Parks v. Rice, supra, specifically rejected Appellant's argument and concluded that Galatis does apply to Scott-Pontzer claims currently on appeal. Appellees are correct, and this Court has reaffirmed the Parks holding in subsequent opinions. See, e.g., Westfield Ins. Co. v. Snyder, 7th Dist. No. 03JE24, 2004-Ohio-3041. There is no Ohio appellate court that currently takes a position contrary to Parks.
 {¶ 12} Furthermore, the Ohio Supreme Court has released a very recent opinion in which it applied Galatis retrospectively to a case which had previously been appealed to the Fifth District Court of Appeals and in which the appellate court had previously ruled that the employee was entitled to Scott-Pontzer benefits. Hopkins, supra, 104 Ohio St.3d 461,2004-Ohio-6769, 820 N.E.2d 329; see also Hopkins v. Dyer (Mar. 28, 2002), 5th Dist. Nos. 2001AP080087, 2001AP080088. The earlier decision of the Fifth District occurred over a year before the Galatis opinion was released, and would normally be considered as the law of the case with respect to the UM/UIM coverage issue. Nevertheless, when Hopkins was appealed for a second time after a remand to the trial court, the Ohio Supreme Court concluded that the law of the case doctrine did not apply to preclude the application of Galatis. Hopkins at ¶ 19. It would appear from Hopkins that Galatis is an exceptionally important opinion that must be applied to all open cases involving Scott-Pontzer claims.
 {¶ 13} For all the foregoing reasons, Appellant's sole assignment of error is overruled and judgment of the trial court affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.