[Cite as *Centerville v. Lash*, 2020-Ohio-5536.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF CENTERVILLE, OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28732 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-4384 |
| | : | |
| WILLIAM A. LASH, III, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of December, 2020.

. . . . . . . . . . .

SCOTT A. LIBERMAN, Atty. Reg. No. 0058432, One South Main Street, Suite 1590, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellant

WILLIAM A. LASH, III and KENDALL LASH, 6615 Yankee Street, Dayton, Ohio 45459
  Defendants-Appellees, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The City of Centerville appeals from a default judgment entered in its favor by the Montgomery County Court of Common Pleas, which awarded the city the outstanding income taxes owed to it by Williams L. and Kendall Lash but did not award attorney fees. Centerville invited the alleged error by proposing the default-judgment entry that the trial court signed, which did not address attorney fees. Because Centerville cannot attack the judgment for an omission that it induced the trial court to make, we affirm.

### I. Factual and Procedural Background

{¶ 2} On September 25, 2019, Centerville filed a complaint against the Lashes for collection of income taxes. The complaint alleged that they were liable for four years of income taxes (2013-2016) totaling $9,578, plus penalties and interest. The city also sought attorney fees. The Lashes were properly served with a summons but did not file an answer or any other responsive pleading.

{¶ 3} On January 29, 2020, the trial court filed a notice that the Lashes were in default for failure to answer or appear. On February 4, Centerville moved for default judgment in the amount of $9,578 plus interest, penalties, and attorney fees. In an affidavit attached to the motion, the city's attorney stated that he had billed the city $150 per hour, and that the time he expended to prepare a demand on the defendants, prepare and file the complaint, and prepare and file the motion for default judgment and order granting default judgment amounted to $485 through January 16, 2020. In another affidavit, another attorney stated that he had reviewed the city attorney's billing statements and that, in his professional opinion, the fees were necessary and reasonable.

**{¶ 4}** On February 4, 2020, the trial court entered default judgment for $9,578, plus interest and penalties computed under the Centerville Tax Ordinance and the costs of the action. The judgment does not mention attorney fees. For that reason, Centerville appeals.

## II. Analysis

**{¶ 5}** The sole assignment of error alleges:

THE TRIAL COURT ERRED IN HOLDING THAT THE CITY OF CENTERVILLE WAS NOT ENTITLED TO ATTORNEY FEES AS REQUESTED IN ITS COMPLAINT AND ITS MOTION FOR DEFAULT JUDGMENT, PURSUANT TO CITY OF CENTERVILLE MUNICIPAL CODE 880.19 AND 885.40.

**{¶ 6}** "Ohio follows the 'American rule,' which 'does not permit the prevailing party to recover attorney fees, in the absence of statutory authorization, as part of the costs of litigation.' " *State ex rel. New Wen, Inc. v. Marchbanks*, Ohio Slip Opinion No. 2020-Ohio-4865, __ N.E.3d __, ¶ 5, quoting *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.*, 46 Ohio St.2d 177, 179, 347 N.E.2d 527 (1976). The Centerville Municipal Code authorizes the recovery of attorney fees in suits to collect income taxes. *See* Centerville Municipal Code 880.19(d) and 880.40(b).

**{¶ 7}** Centerville's assignment of error indicates that the trial court held that the city was not entitled to attorney fees. But, in fact, the court's default-judgment entry simply did not mention attorney fees; nowhere in the record did the trial court explicitly refuse to award attorney fees. We suspect that the court did not deliberately resolve the issue and that Centerville itself was responsible for the oversight. The default-judgment entry was

on the letterhead of the law firm of Centerville's attorney; it appears that the city's attorney supplied the trial court with a suggested default-judgment entry and that the court adopted it. Likely, knowing that the entry had been drafted by the city's attorney, the trial judge simply approved the submitted entry.

{¶ 8} Centerville appeals, notwithstanding that the trial court filed the judgment entry that the city asked the court to enter. But the doctrine of invited error prevents Centerville from challenging the trial court's judgment on appeal. "Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself, for errors that the appellant induced the court to commit, or for errors [for] which the appellant [was] actively responsible." *In re J.B.*, 10th Dist. Franklin No. 11AP-63, 2011-Ohio-3658, ¶ 10. "Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request." *Id.*

{¶ 9} Instead, Centerville must seek relief in the trial court under Civ.R. 60(B). We note that the law-of-the-case doctrine does not preclude the city from obtaining this relief. " '[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "It is considered a rule of practice, not a binding rule of substantive law." *Id*. In Centerville's present appeal, the legal question and our ruling on it involve the invited-error doctrine and the original judgment. If, after we affirm the trial court's judgment, the city were to ask trial court for relief under Civ.R. 60(B), the legal question would be entirely

different, i.e., whether relief from judgment for mistake or other reason were warranted. Thus, the law-of-the-case doctrine would not apply.

### III. Conclusion

{¶ 10} Centerville's sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Scott A. Liberman
William A. Lash, III & Kendall Lash
Hon. Gregory F. Singer