[Cite as *State ex rel. Yost v. Crossridge, Inc.*, 2024-Ohio-5144.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

### STATE OF OHIO EX REL. DAVE YOST, OHIO ATTORNEY GENERAL,

Plaintiff-Appellee/Cross-Appellant,

v.

### CROSSRIDGE, INC. ET AL.,

Defendants-Appellants/Cross-Appellee.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 JE 0009

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 99-CV-137

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Modified.

---

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Amber Wootton Hertlein*, *Atty. Kelly Becker*, and *Atty. Cameron F. Simmons*, Assistant Attorneys General, Environmental Enforcement Section, for Plaintiff-Appellee/Cross-Appellant and

*Atty. Steven A. Stickles*, for Defendants-Appellants/Cross-Appellee.

Dated: October 25, 2024

**HANNI, J.**

{¶1}  Defendant-Appellant/Cross-Appellee, Joseph G. Scugoza, and Defendant-Appellant, Crossridge, Inc., appeal from a Jefferson County Common Pleas Court judgment finding Scugoza in contempt of court and sentencing him to 180 days in jail. Plaintiff-Appellee/Cross-Appellant, State of Ohio, ex rel. Dave Yost, Ohio Attorney General, cross-appeals from the same judgment.  Because the trial court abused its discretion in not imposing the contempt sanctions previously approved by this Court and because the trial court did not advise Scugoza he was facing an additional contempt charge, the judgment is modified to reflect the original sanctions.

{¶2}  This Court set out the relevant facts in *State ex rel. Yost v. Crossridge, Inc.*, 2022-Ohio-1455, ¶ 6-8, 12 (7th Dist.).

> [O]n October 28, 2019, the state filed "Written Charges in Contempt, Motion to Show Cause & Request Hearing" against Appellant, Crossridge Inc., C&D Disposal Technologies, LLC, and the Estate of Joseph N. Scugoza.
>
> . . .
>
> The charges included: (1) failure to provide financial assurance for the Crossridge Landfill, (2) failure to complete closure of the Crossridge Landfill, (3) failure to properly remove leachate from the Crossridge Landfill and open dump area and provide receipts, (4) failure to perform explosive gas monitoring at the Crossridge Landfill, (5) failure to perform groundwater monitoring of the Crossridge Landfill, (6) failure to begin post-closure care of the Crossridge Landfill, (7) failure to pay stipulated penalties, (8) failure to provide accounting for off-road events, (9) failure to cover the C&D Disposal Landfill, (10) failure to cover erosion rills on the C&D Disposal Landfill, (11) acceptance of additional waste, (12) failure to apply for NPDES permits, (13) failure to pay civil penalties, (14) failure to remove and dispose of solid waste and other materials at the open dump area and provide financial assurance for the C&D Disposal Landfill, (15) failure to close the

C&D Disposal Landfill, (16) failure to perform post-closure care and provide financial assurance for the C&D Disposal Landfill, (17) failure to obtain a stormwater general permit, (18) failure to stabilize the disturbed area of the site, (19) failure to install and maintain proper stormwater controls, and (20) failure to provide written discovery.

. . .

After the appointment of the second visiting judge, a hearing was held where Appellant admitted to his contempt. Then, on July 14, 2021, the trial court sentenced Appellant to a $250 fine and 10 days to be served at the Jefferson County Jail on each of the twenty counts to run consecutively, for an aggregate total of 200 days in jail, and a $5,000 fine.

**{¶3}** Scugoza appealed from the judgment sentencing him on the contempt arguing the trial court failed to provide him with purge conditions and erroneously ordered his jail term for each of the 20 violations to run consecutively. This Court agreed. We reversed and remanded the matter for resentencing and for the purpose of imposing clear instructions as to the conditions necessary for Scugoza to purge his contempt. *Id.* at ¶ 50.

**{¶4}** On remand, the trial court held several hearings. Ultimately, the trial court issued a judgment ordering Appellant to serve 30 days in jail, to be held in abeyance pending compliance with numerous purge conditions. The court also ordered Appellant to pay a fine of $250 per count, for a total fine in the amount of $5,000.

**{¶5}** Scugoza appealed from this judgment, arguing the trial court erred in adopting the State's proposed purge terms because they were impossible for him to complete and it erred in ordering a $250 fine on each count of contempt consecutively for a total fine of $5,000. This Court affirmed the trial court's judgment. *Id.*

**{¶6}** Next, the trial court set a hearing for April 10, 2024, pursuant to the trial court's interpretation of this Court's ruling. At the April 10, 2024 hearing, the trial court gave Scugoza 90 days to comply with the purge terms outlined in its previous order and set another hearing for June 11, 2024.

**{¶7}** At the hearing, the State presented a witness who testified that Appellant had not complied with many of the purge conditions. The State notified the court that the fine imposed in the orders on contempt was $5,000, $250 per count, and 30 days in jail. (Tr. 20). The State noted that the 30-day sentence is what the court had already ordered and it asked the court to impose that 30-day jail sentence. (Tr. 20-21).

**{¶8}** Ultimately though, the court sentenced Appellant to 180 days in jail.

**{¶9}** Appellant's counsel noted the decision was almost identical to what had happened the last time this case was on appeal. (Tr. 22). Specifically, counsel stated that this Court was very clear that for this type of contempt in this situation, the maximum possible sentence is 30 days and a $250 fine per violation. (Tr. 22). And this Court held that the trial court could not order 30 days and "stack" the days. Counsel further stated that for noncompliance of the purge terms, the trial court is bound by the actual sentence set forth at the time of the sentencing and noncompliance with purge terms does not give the trial court the authority to enhance that sentence. (Tr. 22). Both parties agreed that 30 days and a $5,000 fine is what this Court affirmed and what the trial court should have imposed. (Tr. 24-25).

**{¶10}** Appellant filed a timely notice of appeal on June 11, 2024.

**{¶11}** Because the appeal and cross-appeal raise the same issues, we will address them together.

**{¶12}** Scugoza's sole assignment of error states:

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERRED WHEN IT HELD THE APPELLANT IN INDIRECT CONTEMPT OF COURT FOR NOT COMPLYING WITH THE PREVIOUSLY ORDERED PURGE TERMS INSTEAD OF IMPOSING THE PREVIOUSLY ORDERED SANCTIONS FROM ITS ORDER OF FEBRUARY 3, 2023.

**{¶13}** The State's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT IMPOSING A TOTAL FINE OF $5,000.00 AND A 30-DAY JAIL TERM FOR SCUGOZA'S 20 COUNTS OF CONTEMPT OF COURT.

**{¶14}** The State's second assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A 150-DAY JAIL TERM ON SCUGOZA UPON A SECOND FINDING OF CONTEMPT OF COURT.

**{¶15}** Scugoza contends that the record clearly shows that the State's goal was to achieve environmental remediation and clean-up of the sites in question. However, Scugoza states that the trial court's actions during the June 11, 2024 hearing were not based on anything other than a desire to punish him and vindicate the court for some perceived slight.

**{¶16}** Scugoza notes that the purge terms which were upheld by this Court previously, were again at issue in the June 11, 2024 hearing before the trial court. After the presentation of evidence, it was clear Scugoza did not satisfy the purge terms and was subject to the sanctions outlined in the February 3, 2023 order that was affirmed by this Court. Scugoza contends that the only remedy available to the trial court was to sanction him in accordance with its February 3, 2023 order. And the trial court's decision to determine that Scugoza's failure to comply with the established purge terms was an unreasonable, arbitrary, and unconscionable abuse of discretion by the trial court.

**{¶17}** Again, Scugoza reiterates that because he did not comply with the purge terms, the trial court could only impose the 30-day jail sentence and $5,000 fine.

**{¶18}** The State concedes error here and agrees with Scugoza.

**{¶19}** We review a trial court's contempt finding for abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). An abuse of discretion exists if the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶20}** Whether Scugoza complied with the purge terms outlined in the February 3, 2023 order is not at issue here. Scugoza admitted he did not comply with the purge terms. Rather, the issue is whether the trial court abused its discretion by not imposing the original sanctions it had ordered in its February 3, 2023 judgment, which was affirmed by this Court.

Case No. 24 JE 0009

**{¶21}** This Court has previously addressed this issue in *Manshadi v. Bleggi*, 2021-Ohio-3593, ¶ 10-11 (7th Dist.):

> The law-of-the-case doctrine has long existed in Ohio jurisprudence and provides that, 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio- 6769, 820 N.E.2d 329, ¶ 15, quoting, *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 432 N.E.2d 410 (1984). The purpose of the doctrine is to ensure the consistency of results in a case, to avoid endless litigation by settling issues and also to preserve the integrity of superior and inferior courts set forth in the Ohio Constitution. *Id.*

> The law-of-the-case doctrine is generally considered "a rule of practice rather than a binding rule of substantive law[.]" *Nolan,* at 3. The Ohio Supreme Court has explained that the Ohio Constitution "does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." *State ex rel. Potain v. Mathews,* 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). The doctrine ensures that trial courts follow the mandates of the reviewing court. *Nolan* at 3. Moreover, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.,* syllabus. Thus, a trial court does not have the authority to extend or vary the mandate issued by a reviewing court. *Id.* at 4. "[W]here at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id.* at 3.

**{¶22}** The trial court's decision to disregard the sanctions outlined in the February 3, 2023 order was an abuse of discretion. This Court's judgment affirming that order was the law-of-the-case. It contained the only sanctions that should have been ordered by the trial court.

{¶23} Accordingly, Scugoza's sole assignment of error has merit and is sustained. Likewise, the State's first and second cross-assignments of error have merit and are sustained.

{¶24} For the reasons stated above, the trial court's judgment is modified to reflect the sanctions for contempt previously imposed. Appellant's sanctions for contempt are the 30-day jail sentence and $5,000 fine previously imposed. Appellant shall pay the $5,000 fine within 30 days from the effective date of this opinion.

Robb, P.J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error and the cross-assignments of error are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is modified to reflect the sanctions for contempt previously imposed. Appellant's sanctions for contempt are the 30-day jail sentence and $5,000 fine previously imposed. Appellant shall pay the $5,000 fine within 30 days from the effective date of this opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**