[Cite as *State v. Taylor*, 2023-Ohio-2994.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 21CA13

v.                                      :

DARRYL D. TAYLOR,                       : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Darryl D. Taylor, Caldwell, Ohio, pro se.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Assistant Prosecuting Attorney, Ironton,
Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-22-23
ABELE, J.

{¶1}  This is an appeal from a Lawrence County Common Pleas
Court judgment that overruled a pro se motion to suppress evidence
and a pro se motion for a *Franks* hearing.  Darryl Taylor, defendant
below and appellant herein, assigns three errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE PROSECUTOR AND LAW ENFORCEMENT VIOLATED
> DEFENDANT'S CLEARLY ESTABLISHED FOURTH
> AMENDMENT RIGHT TO BE FREE FROM SEIZURE AND
> PROSECUTION BASED ON FABRICATED EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE PROSECUTION COMMITTED A BRADY-NAPUE-GIGLIO VIOLATION BY SUPPRESSING MATERIAL EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT HELD A MOTION TO SUPPRESS HEARING WITHOUT THE DEFENDANT OR HIS COUNSEL PRESENT."

**{¶2}** We find the facts and procedural history of this case in *State v. Taylor*, 4th Dist. Lawrence No. 19CA24, 2021-Ohio-585 (*Taylor II*). In 2015, a jury found appellant guilty of: (1) drug trafficking in the presence of juveniles in violation of R.C. 2925.03(A)(1)(C)(1)(c), a second-degree felony, (2) two counts of drug trafficking in violation of R.C. 2925.03(A)(1)(C)(1)(c), third-degree felonies, and (3) one count of drug trafficking in violation of R.C. 2925.03(A)(2)(C)(1)(c), a third-degree felony. The trial court sentenced appellant to serve 13 years in prison. *Taylor II* at ¶ 2.

**{¶3}** On April 27, 2016, this court affirmed the trial court's judgment in part, reversed in part, and remanded for limited resentencing. *See State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781 (*Taylor I*). In particular, we affirmed appellant's convictions, but concluded that the trial court failed to advise appellant of postrelease control at the sentencing hearing. *Id.* at ¶ 41, citing *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238,

942 N.E.2d 332, ¶ 27-29, *State v. Triplett*, 4th Dist. Lawrence No. 10CA35, 2011-Ohio-4628, ¶ 4.  On May 25, 2016, the trial court resentenced appellant to serve a 13-year prison term.

{¶4}  On March 5, 2019, appellant filed a pro se "motion to vacate void judgment" and argued that the court must vacate "void portions of the judgment of conviction based upon lack of subject matter jurisdiction."  On September 19, 2019, the trial court overruled the motion.  On appeal, this court affirmed the trial court's judgment.  *Taylor* II at ¶ 14.

{¶5}  On July 16, 2021, appellant filed a pro se "Motion to Suppress" and a pro se "Motion for a Franks Hearing."  Appellant argued that the trial court should "grant a Motion to Suppress hearing or New Trial based on trial court erred to the prejudice of the defendant when it held a motion to suppress hearing without defendant being present violating his due process rights."  Appellant claimed he did not attend, and did not waive his right to attend, the suppression hearing.  Appellant's "Motion for a Franks Hearing" asserted that an affidavit filed in municipal court is "based upon knowingly false and misleading statements without regard for the truth by affiant(s) in the arrest warrant affidavit(s) and violation of due process rights."  Appellant argued that this affidavit intentionally misled authorities to issue an arrest warrant.

{¶6} The trial court denied both motions and held that (1) the petitions are untimely pursuant to R.C. 2953.23, and (2) appellant did not satisfy either requirement in R.C. 2953.23(A)(1) and (2). Further, the court held that res judicata bars appellant from raising these issues in petitions for postconviction relief as he either raised, or could have raised, the issues on direct appeal. This appeal followed.

I.

{¶7} In his appeal of the denial of the motion to suppress and motion for a *Franks* hearing, appellant raises three assignments of error for review. The trial court, however, concluded that res judicata barred consideration of appellant's motions.

{¶8} In general, appellate review of a motion to suppress presents a mixed question of law and fact. *Taylor I* at ¶ 30, citing *State v. Codeluppi,* 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7. Appellate review of the denial of a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) appears to be unsettled, with some federal courts applying a "clear error" standard and others a "de novo" standard. *State v. Kilbarger*, 2d Dist. Montgomery No. 25584, 2013-Ohio-2577, ¶ 23, fn. 4, citing *U.S. v. Fowler*, 535 F.3d 408 (6th Cir.2008). However, under either standard we find no error with the trial court's judgment.

{¶9} In his first assignment of error, appellant asserts that the prosecutor and law enforcement violated his Fourth Amendment right to be free from seizure and prosecution based on fabricated evidence.

{¶10} First, we point out that prior to trial, appellant's trial counsel filed a motion to suppress evidence. In his motion, appellant argued that the actions of a confidential informant amounted to an improper search of his residence. In appellant's direct appeal, this court reviewed this issue and determined that "[t]here is no reasonable expectation of privacy when a person entrusts a supposed companion in criminal activities and that companion betrays that trust. Where the private party acts as an agent of the government, the Fourth Amendment does not protect a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Taylor I* at ¶ 36. Accordingly, because the confidential informant's actions did not constitute a search, and did not violate appellant's Fourth Amendment rights, this court overruled appellant's assignment of error *(Taylor I)* and affirmed the denial of the motion to suppress.

{¶11} Furthermore, according to the law of the case doctrine "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d

594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).  Moreover, under the doctrine of res judicata "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or an appeal from that judgment."  *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.  Res judicata is "a substantive rule of law that applies to a final judgment, whereas the law-of-the-case doctrine is a rule of practice analogous to estoppel."  *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 22, citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 and 733, 146 N.E. 291 (1924); *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917).

{¶12} It is also important to recognize that the doctrine of res judicata applies not only to direct appeals, but "to all postconviction proceedings in which an issue was or could have been raised."  *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery,* 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.).  Therefore, res judicata applies to bar

raising piecemeal claims in successive postconviction relief petitions that could have been raised, but were not, in the first postconviction relief petition or in a motion to withdraw a guilty plea. *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6.

**{¶13}** We recently emphasized in *State v. Carver*, 2022-Ohio-2653, 194 N.E.3d 393 (4th Dist.), that the focus under R.C. 2953.21, the postconviction proceeding statute, is whether a claim in a postconviction petition involves evidence *outside of the trial court record not available at the time of trial.* If a postconviction petition claim does not rely upon evidence outside the record that was not available for use at trial, but instead relies upon matters contained within the record, then res judicata bars the claim. *Id.* at ¶ 19. Thus, to overcome the barrier of res judicata, a postconviction petition must include competent, relevant and material evidence *outside of the record established in the trial court that was not in existence or available for use at trial.* (Emphasis added.) *Id.* at ¶ 21. In the case sub judice, because it appears that appellant did not present evidence from outside of the record, we agree with the trial court's determination that res judicata barred appellant's second motion to suppress.

{¶14} Turning to appellant's pro se motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), we point out that "[t]here is * * * a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. "In *Franks* * * *, the United States Supreme Court squarely addressed the issue of when a defendant, under the Fourth Amendment, is entitled to a hearing to challenge the veracity of the facts set forth in the warrant affidavit after the warrant has been issued and executed."

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Franks* at 171, 98 S.Ct. 2674. *State v. Roberts*, 62 Ohio St.2d 170, 177, 405 N.E.2d 247 (1980).

{¶15} Moreover, "[e]ven if a defendant makes a sufficient preliminary showing, a hearing is not required unless, without the allegedly false statements, the affidavit is unable to support a finding of probable cause." *State v. Cubic*, 9th Dist. Medina No.

09CA0005-M, 2009-Ohio-5051, ¶ 11, citing *Roberts* at 178, 405 N.E.2d 247, quoting *Franks* at 171-172, 98 S.Ct. 2674; *State v. Jackson,* 2015-Ohio-3520, 37 N.E.3d 1288, ¶ 10.

**{¶16}** As we note above, the standard of review for the denial of a *Franks* hearing appears to be unsettled. Some federal courts apply a "clear error" standard, while others apply a "de novo" standard. *Kilbarger*, *supra,* at ¶ 23, fn. 4, citing *U.S. v. Fowler*, 535 F.3d 408 (6th Cir.2008). However, regardless of the standard we find no error in the case at bar. First, as appellee points out, both a motion to suppress evidence and a motion for a *Franks* hearing must be made before trial. Crim.R. 12(C)(3). Further, there does not appear to be any affidavits or sworn, reliable statements of witnesses with appellant's motion for a *Franks* hearing. Moreover, nothing in the *Franks* decision suggests that a hearing can be held at anytime. *Id.*

**{¶17}** We further point out that this court affirmed appellant's convictions in 2016. As indicated above, appellant's trial counsel *did*, in fact, file a pre-trial motion to suppress, that the trial court overruled. We affirmed appellant's convictions in his direct appeal (*Taylor I).* Now, seven years later appellant seeks to file a motion to suppress and a motion for a Franks hearing. We believe, however, that the trial court correctly concluded that res judicata barred both motions.

{¶18} Accordingly, we overrule appellant's first assignment of error.

## II.

{¶19} In his second assignment of error, appellant asserts that the prosecution suppressed material evidence and thus committed a Brady-Napue-Giglio violation.

{¶20} *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) requires the prosecution to disclose exculpatory evidence to the defense. "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), the court found that due process is denied when the state allows false evidence to go uncorrected. *See Napue* at 269. However, the false evidence must be material, and a new trial required only if "the false testimony could * * * in any reasonable likelihood have affected the judgment of the jury * * *." *Giglio v. U.S.*, 405 U.S. 150, 153-154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), citing *Napue*, *supra*, at 271; *see also State v. McClellan*, 4th Dist. Washington No. 79CA16, 1981 WL 6027 (Sept. 23, 1981), *3.

{¶21} Once again, we point out that appellant could have raised these claims in his direct appeal to this court. Additionally, appellant appears to have presented no evidence of his claims from outside the record. Consequently, the trial court properly concluded res judicata now bars these claims.

{¶22} Accordingly, we overrule appellant's second assignment of error.

### III.

{¶23} In his third assignment of error, appellant asserts that the trial court erred to his prejudice when it held a suppression hearing without his presence. Here, however, the trial court's entry states that appellant was present at the suppression hearing. Appellant, however, denies this.

{¶24} We again point out that appellant has already challenged the denial of the suppression motion in his direct appeal. *See* *State v. Taylor*, 2016-Ohio-2781, ¶ 29 (*Taylor I*). As for appellant's argument that the trial court held the suppression hearing without his participation, appellant also had the opportunity to raise this issue in his direct appeal. Thus, res judicata now bars appellant's claim.

{¶25} Accordingly, we overrule appellant's final assignment of error and affirm the trial court's judgment.

12

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                        Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.