[Cite as *State v. Taylor*, 2025-Ohio-1518.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                      :

    Plaintiff-Appellee,         : CASE NO. 24CA18

    v.                          :

DARRYL D. TAYLOR,                   : DECISION AND JUDGMENT

    Defendant-Appellant.        :

_____

APPEARANCES:

Darryl D. Taylor, #A715718, McConnelsville, Ohio, pro se.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Lawrence County Assistant Prosecuting
Attorney, Ironton, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-25-25
ABELE, J.

{¶1} This is an appeal from a Lawrence County Common Pleas
Court judgment that denied a motion filed by Darryl D. Taylor,
defendant below and appellant herein, that requested "Relief of
Judgment or Order for Fraud Upon the Court."

{¶2} Appellant raises three assignments of error for review.

FIRST ASSIGNMENT OF ERROR:

"JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE
DEFENDANT'S MOTION FOR A BRADY/GIGLIO
VIOLATION."

SECOND ASSIGNMENT OF ERROR:

"JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE
DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT OR
ORDER FOR FRAUD UPON THE COURT ON A RULE
60(B)(5) MOTION."

THIRD ASSIGNMENT OF ERROR:

"TRIAL AND SENTENCING COURT LACKED SUBJECT
MATTER JURISDICTION BASED ON THE FRAUD UPON THE
COURT, RENDERING INDICTMENT FLAWED AND JUDGMENT
VOID AB INITIO."

**{¶3}** This appeal represents appellant's most recent filing since his 2015 conviction for multiple serious drug offenses. As the appellee points out, on September 14, 2014 the Lawrence County Grand Jury returned a four-count indictment that charged appellant with: (1) Trafficking in Drugs, a second-degree felony; (2) Trafficking in Drugs, a third-degree felony; (3) Trafficking in Drugs, a third-degree felony; and (4) Trafficking in Drugs, a third-degree felony, along with, inter alia, a firearm specification.

**{¶4}** Subsequently, a jury found appellant guilty of all four counts in the indictment and two specifications. On May 13, 2015,

the trial court sentenced appellant to serve 13 years in prison. However, on June 2, 2015 the trial court corrected the consecutive and concurrent sentences.

{¶5} On April 27, 2016, this court affirmed, in part, and reversed, in part, the trial court's judgment and remanded the matter for resentencing. On May 25, 2016, the trial court again sentenced appellant to serve 13 years in prison.

{¶6} On March 15, 2019, appellant filed a motion to "vacate a void judgment." On September 19, 2019, the trial court overruled appellant's motion. Appellant appealed that judgment and, on February 17, 2021, this court affirmed the trial court's judgment. Appellant then filed a Notice of Appeal to the Supreme Court of Ohio on March 29, 2021, but the Supreme Court declined to accept jurisdiction.

{¶7} On July 16, 2021, appellant filed a "Motion to Suppress" and a "Motion for a Franks Hearing." The trial court denied both motions and appellant appealed. On August, 22, 2023, this court affirmed the trial court's judgment.

{¶8} On September 24, 2024, appellant filed the instant

"Motion for Relief of Judgment or Order for Fraud Upon the Court." On October 3, 2024, the trial court denied appellant's motion and appellant filed a timely notice of appeal.

{¶9} For ease of discussion, and in the interest of judicial economy, we combine our review of appellant's assignments of error. As appellee points out, appellant previously raised his argument concerning a possible Brady/Giglio violation in an earlier appeal. See *State v. Taylor*, 2023-Ohio-2994 (4th Dist.). This court concluded that, because appellant could have raised this issue in his direct appeal, res judicata barred this claim.

{¶10} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant, represented by counsel, from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised, or could have been raised, by the defendant at trial or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Furthermore, the doctrine of res judicata also applies to all post conviction proceedings in which any issue was, or would have been, raised. *State v. Heid,* 2016-Ohio-2756 (4th Dist.).

{¶11} Here, we agree with appellee that appellant's contention

centers on a "July 9, 2014 trafficking in drugs" crime.  However, as appellee aptly notes appellant's convictions arose from activity on multiple dates in September 2014, not July 2014.  Thus, appellant's claims are misguided.

**{¶12}** Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.


JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule

6

II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                    Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.